703 A.2d 668

ALAN WILLOUGHBY, WILLIAM H. REESE, SR. AND CITIZENS ALLIANCE FOR A RESPONSIBLE ENVIRONMENT, PLAIN-TIFFS-APPELLANTS, v. PLANNING BOARD OF THE TOWN-SHIP OF DEPTFORD, THE TOWNSHIP COUNCIL OF DEPT-FORD AND THE WOLFSON GROUP, INC., DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 22, 1997—Decided December 2, 1997.

268

Before Judges SKILLMAN, EICHEN and WERTHEIMER.

*Michele R. Donato* argued the cause for appellants.

*Wayne C. Streitz* argued the cause for respondent Deptford Township Planning Board (*Ware, Streitz and Thompson,* attorneys; *Mr. Streitz,* of counsel and on the brief).

*Patricia L. Talcott* argued the cause for respondent The Wolfson Group (*Kaplin, Stewart, Meloff, Reiter and Stein; Dilworth, Paxson, Kalish and Kauffman;* and *Sherman, Silverstein, Kohl, Rose and Podolsky,* attorneys; *John Matheussen* and *Robert Washburn,* of counsel; *Ms. Talcott,* on the brief).

*Angelini, Viniar and Freedman,* attorneys for respondent Township Council of Deptford (*Carl B. Viniar,* filed a statement in lieu of brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

Defendant Wolfson Group, Inc. (Wolfson) is the equitable owner of a thirty acre tract of land on Route 41 in Deptford Township. The property is undeveloped woodland constrained in the rear by wetlands and steep slopes. Wolfson seeks to develop a retail shopping center on the property consisting of a 120,000 square foot Wal–Mart store and two other retail stores totalling 76,500 square feet. Plaintiff Citizens Alliance for a Responsible Environment is an association of residents of a neighborhood across Route 41 from the proposed shopping center and plaintiffs Alan Willoughby and William H. Reese are two individual residents of the neighborhood.

In June 1995 Wolfson applied to the defendant Planning Board of Deptford Township (Planning Board) to change the zoning of its property from "Office Campus" to "Town Center." On July 26, 1995, the Planning Board voted to recommend that the defendant Township Council of Deptford (Township Council) rezone the property as requested by Wolfson, and on August 23, 1995, the Planning Board adopted a resolution memorializing this recommendation. On September 7, 1995, the Township Council adopted an ordinance rezoning the area encompassing Wolfson's property from Office Campus to Town Center, which was published in the local newspaper on September 12, 1995.

Plaintiffs did not file a lawsuit challenging the validity of this ordinance within the forty-five day period provided by *Rule* 4:69–6(a). Instead, plaintiffs mounted a political campaign to unseat the members of the Township Council who had voted for the ordinance and to replace them with candidates committed to returning the zoning of Wolfson's property to Office Campus. This effort was successful, and a new Township Council opposed to development of the property as a shopping center was elected that November and took office on January 1, 1996.

Notwithstanding this change in the local political environment, on January 11, 1996, Wolfson filed an application for preliminary site plan approval with the Planning Board. During late February and early March, Wolfson's representatives held a series of meetings with the Planning Board's representatives. On March 14, 1996, the Township Council introduced an ordinance to change the zoning of Wolfson's property back to Office Campus. The following day, March 15, 1996, Wolfson submitted revised plans in support of its application, and on March 22, 1996, the Development Review Committee of the Planning Board gave conceptual approval to the plan, which was then "deemed complete." See *N.J.S.A.* 40:55D–10.3. The Committee referred the application to the full Planning Board, which commenced hearings on April 17, 1996. Before those hearings were concluded, the Township Council adopted the ordinance returning the zoning of Wolfson's property

from Town Center to Office Campus on April 25, 1996. However, because *N.J.S.A.* 40:69A–181(b) provides that a municipal ordinance does not become effective until twenty days after adoption, the rezoning of Wolfson's property did not become effective until May 15, 1996. Despite the rezoning, the Planning Board determined to complete its review of Wolfson's site plan application. Consequently, it completed hearing testimony on May 1, 1996, and approved the application that same day. A week later, the Planning Board adopted a resolution granting Wolfson preliminary site plan approval as well as variances from certain parking, drainage, storm water management and buffer requirements.

On June 28, 1996, plaintiffs brought this action challenging the validity of both the preliminary site plan approval and the now repealed zoning ordinance pursuant to which the approval had been granted. Plaintiffs' complaint alleges that the repealed ordinance was invalid because it was inconsistent with the land use element of the municipality's master plan and the municipality failed to comply with the requirements of *N.J.S.A.* 40:55D–62(a). The complaint also alleges that the Planning Board's approval of Wolfson's site plan application was arbitrary, capricious and unreasonable because the plan fails to adequately address issues relating to traffic flow, environmental problems, stormwater management and buffers. The complaint further alleges that the Planning Board "did not give members of the public the opportunity to cross examine witnesses ... and to present evidence."

Two weeks after filing an answer, Wolfson moved for summary judgment. Wolfson's motion was supported by a "Statement of Material Facts," a certification of its president, and certain exhibits. However, Wolfson's motion was not accompanied by a transcript of the hearings before the Planning Board. In addition, the exhibits submitted in support of Wolfson's motion apparently did not include many of the documents which it had submitted to the Planning Board. Plaintiffs filed certifications in opposition to the motion which included various representations concerning the testimony presented to the Planning Board.

The trial court granted Wolfson's motion and dismissed plaintiffs' complaint. The court rejected plaintiffs' challenge to the validity of the ordinance on the ground that their complaint had not been filed within forty-five days after publication, as required by *R.* 4:69–6(a). The court concluded that the validity of the ordinance was a purely "private" rather than a "public" dispute and consequently there was no basis for extending plaintiffs' time to file suit. In dismissing the part of plaintiffs' complaint challenging the site plan approval, the court stated that the "certifications of plaintiff Willoughby in opposition to the moving papers raise no substantial issues of material fact to show an arbitrary, capricious and unreasonable action by any of the Township boards."

Plaintiffs appeal. We conclude that the trial court erred in dismissing plaintiffs' challenge to the approval of Wolfson's site plan application without reviewing the entire record of proceedings before the Planning Board. We also conclude that the court abused its discretion in refusing to grant an extension of time for plaintiffs to challenge the validity of the ordinance rezoning Wolfson's property to Town Center.

I

The Planning Board's approval of Wolfson's site plan application constituted a *quasi*-judicial decision of a municipal administrative agency, *see Kotlarich v. Mayor of Ramsey,* 51 *N.J.Super.* 520, 540–42, 144 *A.*2d 279 (App.Div.1958), which is subject to review in the Law Division in an action in lieu of prerogative writs. *R.* 4:69. Any hearing with respect to such a site plan application must be transcribed, *N.J.S.A.* 40:55D–10(f), and the Law Division's review of the planning board's decision must be based solely on the agency record. *Kramer v. Board of Adjustment, Sea Girt,* 45 *N.J.* 268, 289, 212 *A.*2d 153 (1965). The Law Division reviews the record to determine whether the planning board's factual findings are based on "substantial evidence" and whether its discretionary decisions are "arbitrary, capricious

and unreasonable." *Id.* at 296–97, 212 A.2d 153. To enable the Law Division to perform this responsibility, the parties must present the record of proceedings before the board, including the transcript of any hearings to the Law Division, just as a party appealing to this court from a final decision of a state administrative agency must file a transcript of any hearing before the agency and an appendix containing the parts of the agency record which are essential to a proper consideration of the issues presented on appeal. *R.* 2:5–3(b); *R.* 2:5–4(a); *R.* 2:6–1(a)(8).

The normal procedure for submitting the record of proceedings before a local agency to the Law Division is through a pretrial conference, which is mandatory in all actions in lieu of prerogative writs. *R.* 4:25–1(a); see 36 *New Jersey Practice, Land Use Law,* § 18.16, at 454 (David J. Frizell & Harry S. Pozycki, Jr.) (1989). This conference "should be noticed and held immediately after the answering pleading is filed, without waiting for the usual discovery period to run." *City of Clifton v. Zweir,* 36 *N.J.* 309, 327, 177 *A.*2d 545 (1962). The parties frequently submit the administrative record to the court at the pretrial conference, and if that is not feasible, the pretrial order should require the record to be submitted by a specified date. The pretrial conference also provides an opportunity to resolve any questions which may exist regarding the contents of the administrative record or the parts of the record which the court must review to decide the case. In addition, the pretrial order should establish a schedule for briefing and an early date for a hearing and decision on the merits. *See id.* at 327–28, 177 A.2d 545. In scheduling the final hearing, the court should consider the scope of the administrative record and the amount of time required to review that record.

Because our court rules and established practice contemplate the previously described procedures for the early disposition of prerogative writ actions which challenge *quasi*-judicial decisions of local agencies, summary judgment is generally inappropriate in such cases. *Odabash v. Mayor of Dumont,* 65 *N.J.* 115, 121 n. 4, 319 *A.*2d 712 (1974); *see also* Pressler, *Current N.J. Court Rules,*

comment on *R.* 4:46–2, at 1362 (1998). However, there are some exceptions to this general rule. For example, if a defendant asserts that a prerogative writ action was filed beyond the time allowed by *Rule* 4:69–6, this defense, which ordinarily can be ruled upon without reviewing the entire administrative record, may be raised by a motion for summary judgment. *See Brunetti v. Borough of New Milford,* 68 *N.J.* 576, 584–85, 350 *A.*2d 19 (1975). Moreover, where a prerogative writ action challenges governmental action which is not based on an administrative record developed in a *quasi*-judicial hearing or seeks performance of a ministerial duty, the usual procedures for the disposition of civil actions, including summary judgment practice, may be employed. *See R.* 4:69–2; *Mitchell v. City of Somers Point,* 281 *N.J.Super.* 492, 500, 658 *A.*2d 1276 (App.Div.1994).

■ Under these procedures governing prerogative writ actions, it was appropriate for the trial court to entertain the part of Wolfson's motion which sought dismissal on the basis of the untimeliness of the count of plaintiffs' complaint challenging the validity of the ordinance rezoning Wolfson's property. However, the court should have refused even to consider the part of Wolfson's motion which sought summary judgment as to the counts of plaintiffs' complaint challenging the grant of site plan approval. Although Wolfson argued that the Planning Board had given adequate consideration to traffic, environmental and drainage issues and had afforded the public a sufficient opportunity to be heard, and consequently that its decision was not arbitrary, capricious or unreasonable, Wolfson's moving papers were not accompanied by a transcript of the proceedings before the Planning Board. In addition, Wolfson's moving papers did not indicate that the documents submitted to the court were the same documents which had been submitted to the Planning Board. Moreover, plaintiffs' opposition papers alleged that the Planning Board had failed to give adequate consideration to the traffic, stormwater management, and environmental problems posed by Wolfson's development project as well as the adverse impact it would have

on the adjoining residential neighborhood. Plaintiffs also alleged that they had been deprived of the opportunity to present the report and testimony of a professional planner who they retained to review Wolfson's site plan application. Thus, a review of the complete record of the proceedings before the Planning Board, including a transcript of the hearings, was required to determine whether the Planning Board's findings are adequately supported by the record and whether it afforded opponents of Wolfson's application a fair opportunity to present evidence and be heard. Because the trial court granted Wolfson's motion for summary judgment without reviewing the complete administrative record, its decision must be reversed.

## II

Although *Rule* 4:69-6(a) provides that "[n]o action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to the review, hearing or relief claimed," *Rule* 4:69-6(c) authorizes the court to enlarge this period of time "where it is manifest that the interest of justice so requires." An enlargement of the time for filing a prerogative writ action is recognized to serve "the interest of justice" in cases involving "(1) important and novel constitutional questions; (2) informal or *ex parte* determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification." *Reilly v. Brice,* 109 *N.J.* 555, 558, 538 *A.*2d 362 (1988) (quoting *Brunetti v. Borough of New Milford, supra,* 68 *N.J.* at 586, 350 *A.*2d 19). When a case falls within one of these categories, the court may grant even a very substantial enlargement of the time in order to afford affected parties an opportunity to challenge the alleged unlawful governmental action. *See, e.g. Damurjian v. Board of Adjustment of Colts Neck,* 299 *N.J.Super.* 84, 97-99, 690 *A.*2d 655 (App.Div.1997) (four years); *Wolf v. Mayor of Shrewsbury,* 182 *N.J.Super.* 289, 296, 440 *A.*2d 1150 (App.Div.1981) (one year), *certif. denied,* 89 *N.J.* 440, 446 *A.*2d 162 (1982); *Ocean County Bd.*

*of Realtors v. Borough of Beachwood,* 248 *N.J.Super.* 241, 247–48,
590 *A.*2d 736 (Law Div.1991) (seven years).

Plaintiffs sought an extension of time for their challenge
to the ordinance rezoning the Wolfson property from Office Cam-
pus to Town Center on the ground that it involves "important
public rather than private interests which require adjudication."
*Reilly v. Brice, supra,* 109 *N.J.* at 558, 538 *A.*2d 362. Our courts
have found a sufficient public interest to justify an extension of
time for filing a prerogative writ action in a variety of circum-
stances, including challenges to the validity of ordinances on the
ground that they were not adopted in conformity with the applica-
ble statutory requirements. *See, id.* at 560–61, 538 A.2d 362;
*Cervase v. Kawaida Towers, Inc.,* 124 *N.J.Super.* 547, 569, 308
*A.*2d 47 (Ch.Div.1973), *aff'd o.b.,* 129 *N.J.Super.* 124, 322 *A.*2d 477
(App.Div.1974); *Wolf v. Borough of Shrewsbury, supra,* 182
*N.J.Super.* at 296, 440 *A.*2d 1150; *Catalano v. Pemberton Town-
ship Bd. of Adjustment,* 60 *N.J.Super.* 82, 95–97, 158 *A.*2d 403
(App.Div.1960).

We conclude that the trial court erred in ruling that plaintiffs'
challenge to the ordinance rezoning Wolfson's property was a
private rather than a public dispute. The record clearly indicates
that the development of Wolfson's property in accordance with the
change in zoning from Office Campus to Town Center would have
a substantial impact upon residents of the adjoining neighborhood.
In addition, such development would have a substantial impact
upon the flow of traffic on Highway 41 and result in a loss of
public access to nature trails. The claimed benefits of the rezon-
ing, such as increased shopping facilities, employment opportuni-
ties and tax ratables, are also a matter of broad public interest.
The extent of the public interest in this matter is underscored by
the fact that the rezoning of Wolfson's property was a central
issue in the municipal election held two months after adoption of
the ordinance and that the members of the council who voted for
the change were defeated by candidates committed to repealing
the ordinance. We also note that the primary basis of plaintiffs'

challenge to the validity of the ordinance—that it violated *N.J.S.A.* 40:55D–62(a) because it was not substantially consistent with the land use element of the master plan—is similar to the claims that zoning ordinances had been adopted in violation of the applicable land use legislation which we found to justify extensions of time in *Wolf* and *Catalano.*

Moreover, this is not a case in which the public interest in an adjudication of the merits of plaintiffs' claims is outweighed by "the policy of repose expressed in the forty-five day rule." *Reilly v. Brice, supra,* 109 *N.J.* at 559, 538 *A.*2d 362. Although plaintiffs did not file a prerogative writ action challenging the rezoning of Wolfson's property within forty-five days of publication of the ordinance, they did immediately mount a well-publicized political campaign to elect candidates for municipal council who were committed to repeal of the ordinance. Consequently, when these candidates were elected Wolfson should have been on notice that the rezoning of its property for commercial development was in jeopardy. Nevertheless, Wolfson proceeded to file a site plan application and press for early action by the Planning Board. Furthermore, since the Township Council introduced an ordinance providing for the return of the zoning of Wolfson's property to Office Campus prior to the commencement of the hearings before the Planning Board, Wolfson was aware that the rezoning was imminent, and that it would be able to obtain site plan approval only if the Planning Board completed hearings and rendered a decision before the ordinance became effective.[1] Under these circumstances, there is no basis for concluding that Wolfson justifiably relied upon plaintiffs' failure to file suit within forty-five

---

[1] *N.J.S.A.* 40:55D–49 provides that "the general terms and conditions on which preliminary [site] approval was granted shall not be changed" for a period of three years following such approval except for provisions relating to "public health and safety." Plaintiffs have not disputed that if the prior zoning ordinance were valid and the record supported the Planning Board's approval of Wolfson's application, its site plan would be entitled to protection under this section.

days or that Wolfson's interest in repose outweighs the public interest in a decision on the merits of plaintiffs' claims.

Finally, we consider it necessary to comment upon the Planning Board's role in this matter. The Municipal Land Use Law confers the responsibility for determining a municipality's land use plan upon the governing body, composed of the people's elected representatives. *N.J.S.A.* 40:55D–62. A planning board is a subordinate municipal agency whose role is limited "to effectuat[ing] the goals of the community as expressed through its zoning and planning ordinances." *Kaufmann v. Planning Bd. for Township of Warren,* 110 *N.J.* 551, 564, 542 *A.*2d 457 (1988); *see also PRB Enters., Inc. v. South Brunswick Planning Bd.,* 105 *N.J.* 1, 7–8, 518 *A.*2d 1099 (1987). Consequently, when a governing body proposes to amend a zoning ordinance, a planning board should not rush to grant development approvals under existing zoning before the amendments to the municipality's land use ordinance can take effect. In this case the Planning Board easily could have deferred hearings on Wolfson's site plan application for a brief period to determine whether the proposed ordinance rezoning Wolfson's property would be adopted. Instead, it attempted to preempt the proposed rezoning by completing its review of Wolfson's application before the Township Council could act and by subsequently granting site plan approval after the amendment to the zoning ordinance had been adopted but before it became effective. Therefore, we note our disapproval of the Planning Board's attempt to usurp the Township Council's preeminent role in determining the municipality's land use plan.

Accordingly, we reverse the summary judgment dismissing plaintiffs' complaint and remand the case to the trial court for further proceedings in conformity with this opinion.