NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3161-15T1

IRVING FREEDBERG, JAMES
SPATZ, OLGA STARISKY and
TERRY VAVRA,

 Plaintiffs-Appellants,

v.

ZONING BOARD OF ADJUSTMENT OF
THE BOROUGH OF RAMSEY, RICHARD
MAMMONE, ZONING OFFICER OF THE
BOROUGH OF RAMSEY, and V BOYS
RAMSEY HOLDING, LLC, a Limited Liability
Company of the State of New Jersey,

 Defendants-Respondents.
————————————————————————————————————————————

 Submitted March 16, 2017 – Decided March 31, 2017

 Before Judges Hoffman and O'Connor.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Docket No. L-
 4207-15.

 Robert J. Inglima, Jr., attorney for
 appellants.

 Matthew S. Rogers, attorney for respondent
 Zoning Board of Adjustment of the Borough of
 Ramsey.

 Eastwood, Scandariato & Steinberg, attorneys
 for respondent Richard Mammone, Zoning Officer
 of the Borough of Ramsey (Peter A.
 Scandariato, on the brief).

 Beattie Padovano, LLC, attorneys for
 respondent V Boys Ramsey Holding, LLC (Antimo
 A. Del Vecchio, of counsel; Daniel L.
 Steinhagen, on the brief).

PER CURIAM

 This case concerns challenges to a proposed Wawa gas station

and convenience store on State Highway 17 in the Borough of Ramsey.

Plaintiffs, Ramsey residents whose properties abut the property

at issue, appeal from the February 17, 2016 final judgment

dismissing with prejudice their complaint in lieu of prerogative

writs against defendants, Zoning Board of Adjustment of the Borough

of Ramsey (the Zoning Board), Zoning Officer Richard Mammone (the

Zoning Officer), and V Boys Ramsey Holding, LLC (V Boys).

Plaintiff's complaint challenged the Board's resolution denying

their appeal of the Zoning Officer's decision that V Boys'

development application does not require any variances.

Plaintiffs seek reversal of the judgment, asserting various claims

of trial court error. We have considered plaintiffs' arguments

in light of the record and our review of the applicable legal

principles. We affirm.

 I.

 We derive the following relevant facts from the record before

the Zoning Board. On February 6, 2013, V Boys filed an application

 2 A-3161-15T1
for variance and conditional use approval with the Ramsey Planning

Board to develop a lot in Ramsey's B-3 commercial district on

Route 17. V Boys requested nine variances. V Boys also filed an

application for site plan proposal. The application for site plan

stated V Boys intends to use the lot for "[r]etail convenience and

gas sales." V Boys planned to have WaWa, Inc., operate the

convenience store and service station. The lot contains 77,280

square feet, and the proposed principal building will occupy 5,051

square feet, with an additional 7,067 square foot canopy. V Boys

subsequently revised its application, removing all requested

variances.

 We review the Borough's zoning ordinance (hereinafter

Ordinance). Ordinance, § 34-29.1, states, "In the B-3 Highway

Commercial Districts only those uses listed below are permitted":

"[a]ny use permitted in the B-1 Zone." "In the B-1 Central

Business District only the following uses are permitted:" (1)

"[b]usiness uses of a strictly retail sales and service type,

conducted entirely within the confines of a building, such as

stores, shops and offices, and involving the rendering of service

or sale of goods directly to the ultimate consumer" and (2)

"[p]ublic garages and service stations." Ordinance, § 34-26.1.

"Public garages and service stations shall be subject to all of

the requirements of all of the terms and provisions of Section 34-

 3 A-3161-15T1
8, Public Garages or Service Stations," and "[t]he minimum ground

floor area of any public garage or service station hereafter

erected shall not be less than 1,600 square feet." Ordinance, §

34-26.1(d)(1), (2).

 According to Ordinance, § 34-3, a "structure" is "[a]nything

constructed or erected, whether portable, prefabricated, sectional

or otherwise, which is permanent or temporary, located on and/or

under the ground or attached to something so located." It does

not define "building," although it does distinguish between a

"structure" and a "building." See Ordinance, § 34-4.2 ("No

building or structure or part thereof shall be erected, raised,

moved, extended, enlarged, altered or demolished . . . .");

Ordinance, § 34-4.5, 4.13, 8.1, 8.2, 9.2, 40.1. "[N]o lot may

contain more than one principal building." Ordinance, § 34-4.4.

"There shall not be more than one accessory building on any

lot . . . . A single structure used as a garage for the storage

of motor vehicles shall not be construed as to exclude an accessory

building for the purpose of this Paragraph . . . ." Ordinance, §

34-4.5(c).

 Ordinance, § 34-4.3, defines a "fast-food restaurant" as "[a]

restaurant having a limited menu and serving food to the general

public for consumption either on or off the premises." It does

not define "restaurant."

 4 A-3161-15T1
 On August 15, 2013, plaintiffs sent the Planning Board a

letter, arguing the Planning Board lacked jurisdiction over V

Boys' application because the proposed gas station and convenience

store required variances from the Zoning Board. In response, on

August 20, 2013, the Zoning Officer sent the Planning Board a

memorandum confirming his determination that V Boys' application

required no variances from the Zoning Board.

 On September 6, 2013, plaintiffs challenged the Zoning

Officer's decision, requesting review by the Zoning Board. The

Zoning Officer testified at the April 6, May 21, and June 18, 2014

meetings. He reviewed V Boys' application and plans for the lot

and concluded V Boys was applying to develop a "gas station with

a retail component." He testified he was "familiar with the

standards that are applicable to public garages and service

stations." He "looked at [the] plan that showed a gas station

with a retail store attached to it and that is something that the

Borough has allowed . . . down Route 17 [for] probably over 20

years." He said the Ordinance does not define "restaurant," but

explained the difference between a convenience store and a

restaurant is "[s]eating . . . . A fast food restaurant is a

restaurant that sells prepared foods either indoors or outdoors

in disposable containers; i.e., paper or plastic and does not have

 5 A-3161-15T1
waiter service." He said V Boys' application did not include any

seating, so their plan did not include a restaurant.

 On July 16, August 20, and September 17, 2014, plaintiffs

presented an expert witness, who was a licensed professional

engineer, licensed architect, and certified municipal engineer.

He testified the Ordinance requires the service station "to include

a building with a minimum ground floor area of 1,600 square feet."

He said this leads to two possible interpretations: (1) the service

station fails to comply with the Ordinance because it does not

have a minimum floor area of 1,600 square feet, or (2) the service

station's canopy is a second building on the lot, which also

violates the Ordinance. He explained that the 5,051 square foot

building does not satisfy the service station's requirement for

1,600 square feet because the 5,051 square foot building is for

the convenience store. "It does not have anything to do with the

repair or storage of vehicles[,] and therefore it in my opinion

does not meet the requirement of the 1,600 square foot building

that services the public garage or service station that's required

for this use in this zone."

 The expert also read the Ordinance defining "fast food" as a

"restaurant having a limited menu and serving food to the general

public for consumption either on or off the premises." He

therefore opined "that the use that's proposed here is not one

 6 A-3161-15T1
that I would classify as a retail store but rather as a fast-food

establishment in accordance with the definitions set forth in your

ordinance."

 V Boys presented its expert, a licensed professional planner,

on September 17, November 19, and December 17, 2014. He agreed

with the Zoning Officer's "determination that the applicant meets

all the conditions for the public garage or service station use."

He noted the Zoning Officer had "consistently approved service

stations and convenience stores in the B-3 zone." As a

professional planner, he further noted "that most modern service

stations generally do include both convenience, retail, and a

service station component on site."

 V Boys' expert had reviewed the Planning Board's previous

decisions and saw "four service stations with retail convenience

stores [had] been approved along Route[] 17 since 1999." He said

the "definition of a fast food establishment specifically refers

to restaurant as determined by the zoning official in this Borough

is an establishment with seats." He further testified the 1,600

square foot canopy is "clearly not a building." He noted the

Planning Board had never considered a service station's canopy as

a second building.

 The Zoning Board issued its written decision in favor of V

Boys on March 18, 2015. Five members voted in favor of V Boys,

 7 A-3161-15T1
one in favor of plaintiffs, and three abstained. The Zoning Board

concluded, "[T]he retail use and service station use is permitted

whether considered one (1) combined use or two (2) separate uses

and, therefore, the application was properly before the Planning

Board." The Zoning Board further concluded the service station

does not require a 1,600 square foot ground floor, and if it did,

the convenience store or area of the canopy would satisfy the

requirement.

 On May 4, 2015, plaintiffs filed their complaint challenging

the Zoning Board's decision to deny their appeal of the Zoning

Officer's determination that V Boys' application did not require

any variances. Defendants answered, and the court held a bench

trial on November 16, 2015. The court issued an eight-page written

decision on February 1, 2016, affirming the Zoning Board.

 This appeal followed, with plaintiffs asserting five claims

of trial court error. First, the trial court should have concluded

V Boys' proposed gas station and convenience store fails to comply

with Ordinance, § 34-26.1(d)(2), which states, "The minimum ground

floor area of any public garage or service station hereafter

erected shall not be less than 1,600 square feet." Second, the

trial court should not have considered the Zoning Officer's

testimony because he "did not possess the requisite competence and

understanding of the Borough's ordinances to make such

 8 A-3161-15T1
determinations." Third, the trial court should have concluded the

Borough's ordinances "clearly restrict the development of lands

in the B-3 Zone District to a single principal use and limit the

number of principal structures." Fourth, the trial court's "ruling

that the 7,000 square foot canopy does not constitute a principal

building is not supported by the Zoning Ordinance or MLUL." Fifth,

"[t]he trial court failed to determine whether the proposed use

of the WaWa building is a fast-food establishment, pursuant to the

Zoning Ordinance."

 II.

 Zoning boards make quasi-judicial decisions to grant or deny

applications within their jurisdiction. Willoughby v. Planning

Bd. of Deptford, 306 N.J. Super. 266, 273 (App. Div. 1997);

Kotlarich v. Mayor of Ramsey, 51 N.J. Super. 520, 540-42, (App.

Div. 1958). The determination of a zoning board is presumed to

be valid. Cell S. of N.J. v. Zoning Bd. of Adjustment of W.

Windsor, 172 N.J. 75, 81 (2002); Kramer v. Bd. of Adjustment, Sea

Girt, 45 N.J. 268, 285 (1965). The court's review of a board's

decision is based solely on the record before the board. Kramer,

supra, 45 N.J. at 289. A court must not substitute its own

judgment for that of the board unless there is a clear abuse of

discretion. See Cell S. of N.J., supra, 172 N.J. at 81. The

burden is on the challenging party to demonstrate that the board's

 9 A-3161-15T1
decision was arbitrary, capricious, or unreasonable. Ibid.; New

Brunswick Cellular v. S. Plainfield Bd. of Adjustment, 160 N.J.

1, 14 (1999); Smart SMR of N.Y., Inc. v. Fair Lawn Bd. of

Adjustment, 152 N.J. 309, 327 (1988).

 The Municipal Land Use Law expressly rejects adherence to the

rules of evidence in zoning board hearings. See N.J.S.A. 40:55D-

10(e) (declaring that "[t]echnical rules of evidence shall not be

applicable to the hearing" of a municipal land use agency); see

also Baghdikian v. Bd. of Adjustment of Ramsey, 247 N.J. Super.

45, 49 (App. Div. 1991) (stating that a zoning board "cannot be

equated with courts" and procedural safeguards employed in

judicial proceedings should not be "imported wholesale" into

proceedings before a land use board). Consequently, a zoning

board may consider an opinion when the data and other evidence

establish that it is not arbitrary or unreasonable.

 This court applies the same standards as the trial court.

Bressman v. Gash, 131 N.J. 517, 529 (1993); D. Lobi Enters. v.

Planning/Zoning Bd. of Sea Bright, 408 N.J. Super. 345, 360 (App.

Div. 2009). However, when an appeal raises a question of law, we

apply a plenary standard of review. Wyzykowski v. Rizas, 132 N.J.

509, 518 (1993).

 10 A-3161-15T1
 A.

 Plaintiffs first argue the trial court should have concluded

V Boys' proposed gas station and convenience store fails to comply

with Ordinance, § 34-26.1(d)(2), which requires the service

station to have a floor area of 1,600 square feet. Their expert

testified the 5,051 square foot building does not satisfy this

requirement because it is for the convenience store, not the

service station. He also said the canopy could not satisfy the

requirement unless it was considered a second building, something

not permitted in the zone.

 Defendants contend Ordinance, § 34-29.1, does not incorporate

the subsections of Ordinance, § 34-26.1. We decline to rely on

this argument because Ordinance, § 34-26.1, permits certain uses

but limits them according to their subsections.

 Plaintiffs' argument is also misguided. Ordinance, § 34-

26.1(d)(2), states, "The minimum ground floor area of any public

garage or service station hereafter erected shall not be less than

1,600 square feet." Ordinance, § 34-4.5, states, "A single

structure used as a garage for the storage of motor vehicles shall

not be construed as to exclude an accessory building for the

purpose of this Paragraph . . . ." We therefore conclude the

canopy, like a garage, is not a principal or accessory building,

but the 7,067 square foot canopy does establish the service

 11 A-3161-15T1
station's floor area exceeds 1,600 square feet. We further note

Ordinance, § 34-26.1(d)(2), does not limit the 1,600 square feet

for the exclusive use of the service station, so the 5,051 square

foot convenience store clearly satisfies the area required by the

Ordinance.

 B.

 Plaintiffs next argue the trial court should not have

considered the Zoning Officer's testimony because he "did not

possess the requisite competence and understanding of the

Ordinance to make such determinations." The Zoning Officer

reviewed V Boys' application and plans for the lot, and as Ramsey's

Zoning Officer, he was familiar with the Ordinance. We conclude

his opinion was based on data and other evidence that established

his opinion was not arbitrary or unreasonable. See Cell S. of

N.J., supra, 172 N.J. at 81; New Brunswick Cellular, supra, 160

N.J. at 14; Smart SMR of N.Y., Inc., supra, 152 N.J. at 327.

 C.

 Plaintiffs also argue the trial court should have concluded

the Borough's ordinances "clearly restrict the development of

lands in the B-3 Zone District to a single principal use and limit

the number of principal structures." Ordinance, § 34-29.1, states,

"In the B-3 Highway Commercial Districts only those uses listed

below are permitted": "[a]ny use permitted in the B-1 Zone." The

 12 A-3161-15T1
Ordinance does not qualify the number of "uses . . . permitted."

We decline to add any numerical limitation to the Ordinance.

 D.

 Plaintiffs correctly note, "No lot may contain more than one

principal building." Ordinance, § 34-4.4. They argue the trial

court's "ruling that the 7,000 square foot canopy does not

constitute a principal building is not supported by the Zoning

Ordinance or MLUL." This argument lacks merit. We discern no

basis for considering a gas station canopy as a principal building.

While the Ordinance does not define "building," it does distinguish

between a "structure" and a "building. See Ordinance, § 34-4.2,

4.5, 4.13, 8.1, 8.2, 9.2, 40.1. We affirm the trial court's

conclusion the canopy constitutes a structure, not a building.

 E.

 Last, plaintiffs argue, "The trial court failed to determine

whether the proposed use of the WaWa building is a fast-food

establishment, pursuant to the Zoning Ordinance." First, the

trial court did clearly state, "[T]he WaWa associated with the gas

station is not a fast food restaurant." Ordinance, § 34-4.3,

defines a "fast-food restaurant" as "[a] restaurant having a

limited menu and serving food to the general public for consumption

either on or off the premises." Although the Ordinance does not

 13 A-3161-15T1
define "restaurant," the Zoning Officer's definition requiring

seating makes common sense.

 Affirmed.

 14 A-3161-15T1