**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4059-16T1

RATAN PALACE, LLC,

    Plaintiff-Appellant,

v.

TOWNSHIP OF NORTH BERGEN
PLANNING BOARD, ROHIT GAUR
and SUMAN LATA,

    Defendants-Respondents.

_____

Argued August 8, 2018 — Decided August 23, 2018

Before Judges Hoffman and Currier.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4183-16.

Francis A. Kirk argued the cause for appellant (Tesser & Cohen, attorneys; Francis A. Kirk, on the briefs).

Nylema Nabbie argued the cause for respondent Township of North Bergen Planning Board (Gittleman Muhlstock & Chewcaskie, LLP, attorneys; Brian M. Chewcaskie and Nylema Nabbie, on the brief).

Denis F. Driscoll argued the cause for respondents Rohit Gaur and Suman Lata (Inglesino, Webster, Wyciskala & Taylor, LLC,

attorneys; Nicholas A. Grieco, of counsel;
Joseph M. Franck and Alyssa E. Spector, on the
brief).

PER CURIAM

Plaintiff Ratan Palace LLC appeals from the February 22, 2017 order denying its motion to file an amended complaint and the April 19, 2017 order of final judgment denying relief and dismissing its complaint. After a review of the contentions in light of the record and applicable principles of law, we affirm.

Plaintiff is the owner of real property in the Township of North Bergen (Township) on which it operates a Holiday Inn Express Hotel. In February 2015, the Township enacted Township of North Bergen, N.J., Code § 239-15 (Ordinance 239-15), which changed the zoning in the Paterson Plank Road/Grand Avenue area to multifamily residential dwelling units with studio, one-bedroom, and two-bedroom units.

In January 2016, defendants Rohit Gaur and Suman Lata (defendants) purchased property on Paterson Plank Road in the newly zoned area. On April 27, 2016, the Township adopted Township of North Bergen, N.J., Code § 292-16 (Ordinance 292-16), which permitted hotel use only for defendants' lots, not the entire zone. The notice of passage of the ordinance was published on May 3, 2016.

Defendants filed an application before defendant, Township of North Bergen Planning Board (Board), in June 2016, seeking site plan approval and certain variances in connection with its proposal to build a hotel. Plaintiff was not within the required radius to receive notice of the application and asserts it was unaware of the August hearing. After testimony, the Board approved the application.

The application was scheduled for a final vote for final site plan approval at the September 6, 2016 Board meeting. Plaintiff was present at the meeting and objected to the approval of the application. The Board adopted Resolution 2016-21 that evening, memorializing its earlier approval.

In October 2016, plaintiff filed a complaint in lieu of prerogative writs against defendants and the Board, challenging the final site plan approval, and contending Ordinance 292-16 was impermissible "spot zoning" implemented solely to permit a use for defendants' property not previously allowed in that zone. All defendants answered the complaint and the parties attended a case management conference.

Plaintiff moved to amend its complaint to add the Township as a defendant in January 2017. The named defendants opposed the motion, arguing any amendment would be futile because plaintiff failed to timely challenge Ordinance 292-16. After oral argument,

the trial judge issued a cogent written decision denying the motion.

Under Rule 4:69-6(a)(3), an action in lieu of prerogative writs must be commenced within forty-five days of the publication of the notice of enactment. In considering whether to extend the requisite time to challenge the ordinance as permitted under Rule 4:69-6(c), the judge stated plaintiff had not asserted a public interest to justify the limited expansion of time permitted under the rule. He also noted plaintiff had not submitted any proofs to support its allegation that the ordinance was amended specifically to benefit defendants. As the challenge to the ordinance was untimely filed, the judge determined that any amendment to add the Township as a defendant would be futile. The motion to amend the complaint was denied.

Following a trial in April 2017, the judge determined he could not "find any evidence in the record to conclude the Planning Board's decision was arbitrary, capricious, or unreasonable." He noted the expert testimony regarding parking and traffic, signage, and proposed building materials, and concluded "[t]he application was approved because it was in compliance with the ordinance's permitted hotel use." As the Township was not a party to the suit, the validity of the ordinance permitting a hotel use on

4

defendants' property was not before the court.  Final judgment was entered on April 19, 2017.

On appeal, plaintiff argues the court erred in denying its motion to amend the complaint and should have declared Ordinance 292-16 invalid because it departed from the Township's Master Plan and was impermissible spot zoning.  We disagree.

We review a judicial decision to deny a motion to amend a pleading for an abuse of discretion.  <u>Franklin Med. Assocs. v. Newark Pub. Sch.</u>, 362 N.J. Super. 494, 506 (App. Div. 2003) (holding the decision on a motion to amend is "left to the sound discretion of the trial court").

<u>Rule</u> 4:9-1 governs the amendment of a pleading, requiring the leave of court or written consent for any amendment after the filing of an Answer.  Although such motions are to be "granted liberally," the determination is "best left to the sound discretion of the trial court in light of the factual situation existing at the time each motion is made."  <u>Kernan v. One Washington Park Urban Renewal Assocs.</u>, 154 N.J. 437, 456-57 (1998) (quoting <u>Fisher v. Yates</u>, 270 N.J. Super. 458, 467 (App. Div. 1994)).  However, if the amendment will result in prejudice to the non-moving party or would otherwise be futile, the motion should be denied.  <u>Bustamante v. Borough of Paramus</u>, 413 N.J. Super. 276, 298 (App. Div. 2010).

The passage of Ordinance 292-16 was published on May 3, 2017. The judge properly concluded the time to challenge the ordinance expired on June 17, 2016, forty-five days later. However, plaintiff did not challenge the ordinance until it filed the prerogative writ action in October and, even then, it was not asserted against the proper party.

Rule 4:69-6(c) permits a court to enlarge the forty-five day time period to challenge a municipal action when "it is manifest that the interest of justice so requires." Our Supreme Court has interpreted the rule to permit an enlargement of time in "cases involving: (1) important novel or constitutional questions; (2) informal or ex parte determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification." Brunetti v. Borough of New Milford, 68 N.J. 576, 586 (1975).

Plaintiff argued to the trial judge, as he does before us, that the action involves an important public interest. However, plaintiff provides no further support for the statement. The only record before the court was the transcript from the Board hearing, provided by counsel and reviewed by the judge after oral argument

on plaintiff's motion. The judge noted there was no "basis in the record to establish the public interest envisioned in <u>Rocky Hill</u>."[1]

In <u>Rocky Hill</u>, a citizen's group challenged the planning board's grant of an application for an age-restricted development as well as an ordinance permitting the re-zoning of the area for the development. <u>Id.</u> at 390. We affirmed the trial judge's ruling that the challenge to the ordinance was untimely under <u>Rule</u> 4:69-6. <u>Id.</u> at 403. We found plaintiff had not established a public interest to warrant an enlargement of time because there were "no public funds involved, no political upheavals, no significant impact on density, traffic, ratables or any other interest other than the concerns expressed by the individual plaintiffs and their supporters." <u>Id.</u> at 401.

Plaintiff here seeks to distinguish <u>Rocky Hill</u>, asserting the ordinance at issue in that case was a "subject of intense debate" with extensive public hearings and consideration. In contrast, plaintiff states, Ordinance 292-16 was a "seemingly inconsequential amendment to a redevelopment plan encompassing eleven lots in a community of 60,000 people . . . unlikely to be noticed." This statement belies plaintiff's argument that the ordinance involved any public interest, but rather supports the

---

[1] <u>Rocky Hill Citizens for Responsible Growth v. Planning Bd. of the Borough of Rocky Hill</u>, 406 N.J. Super. 384 (App. Div. 2009).

conclusion that it is only the private interest of plaintiff as a business competitor at play here.

We also find plaintiff's reliance on Willoughby v. Planning Board of Township of Deptford, 306 N.J. Super. 266 (App. Div. 1997), unpersuasive. There, we reversed the trial court's denial of an extension of the forty-five day period under Rule 4:69-6. Id. at 279. We found the matter was one of public interest, as the development of the property in accordance with the zoning change would have a significant impact on residents of an adjoining neighborhood and the flow of traffic on a major roadway. Id. at 277-78. Plaintiff here has not established any of those factors.

The limited expansion permitted under the rule is the exception, and plaintiff has not demonstrated the public interest required to meet that exception. Therefore, the trial judge properly denied the motion to amend as futile, as any challenge to the ordinance was time-barred.

Plaintiff next argues the trial judge should have struck down Ordinance 292-16 on its own as impermissible spot zoning and noncompliant with the Township's Master Plan. As discussed above, however, without the Township as a party to the action, there can be no challenge to the ordinance. Although plaintiff contests the actions of the Township in passing the ordinance, it did not name the Township as a party, therefore losing the opportunity to

A-4059-16T1

challenge the ordinance. See Jackson Holdings, LLC v. Jackson Twp. Planning Bd., 414 N.J. Super. 342, 350 (App. Div. 2010) (holding a "governing body must also be joined as a defendant before a court entertains a challenge to the validity of a zoning ordinance").

Therefore, the only issue before the trial judge was whether the Board's decision to approve defendants' application was arbitrary or capricious. Plaintiff presents no arguments to support a contrary finding. The Board considered defendants' application, which was supported by expert testimony, and determined it complied with the ordinance's permitted use. The trial judge's conclusion upholding the Board's decision is supported by the credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION