**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1135-20

VILLAGE OF RIDGEFIELD
PARK,

    Plaintiff-Appellant,

v.

OUTFRONT MEDIA, LLC,
and PLANNING/ZONING
BOARD OF THE BOROUGH
OF BOGOTA,

    Defendants-Respondents.

_____

Argued April 26, 2022 – Decided October 7, 2022

Before Judges DeAlmeida and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-1043-20.

Stephen F. Pellino argued the cause for appellant (Basile Birchwale & Pellino, LLP, attorneys; Stephen F. Pellino, on the briefs).

Louis L. D'Arminio argued the cause for respondent Outfront Media, LLC (Price, Meese, Shulman & D'Arminio, PC, attorneys; Louis L. D'Arminio, of

counsel and on the brief; Edward W. Purcell, on the brief).

Kevin P. Kelly argued the cause for respondent Planning/Zoning Board of the Borough of Bogota (Kelly, Kelly, Marotta & Tuchman, LLC, attorneys; Kevin P. Kelly, on the brief).

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Plaintiff Village of Ridgefield Park appeals from the November 16, 2020 order of the Law Division upholding a decision of defendant Borough of Bogota Joint Zoning and Planning Board (Board) to approve the settlement of an application by defendant Outfront Media, LLC (Outfront) for a conditional use variance and final site plan approval to install a billboard on property along Interstate 80 (Route 80). We affirm.

I.

Outfront is an advertising company that owns and operates billboards. It leases a portion of property in a business/retail zone in Bogota. Billboards are a permitted conditional use in the zone. The property is triangular and narrow, abuts the twelve-lane Route 80, and contains a two-story commercial building, parking lot, and vacant area. A sound barrier wall separates the property from the eastbound lanes of the highway. The front of the property is on North

A-1135-20

Avenue. A residential area of Ridgefield Park is on the other side of North Avenue.

Outfront applied to the Board for three conditional use variances pursuant to N.J.S.A. 40:55D-70(d)(3), and a final site plan approval to install a free-standing, static billboard, fourteen-feet wide and forty-eight-feet high, positioned on a pole fifty-seven feet above the ground. One side of the billboard would feature a non-digital advertisement and the rear of the sign would be painted a "flat" color. The pole would stand over the top of the building and the rear of the property and be angled so that it faced only the highway and not any buildings in the area. Ridgefield Park objected to the application.

During a hearing before the Board, Outfront withdrew its request for two of the three conditional use variances it sought. The Board, however, ultimately concluded Outfront required four variances, all of which it denied in a resolution it adopted at the conclusion of the hearing.

Outfront filed a complaint in lieu of prerogative writ in the Law Division challenging the Board's decision. Ridgefield Park intervened in that matter. The trial court affirmed the Board's resolution.

We reversed. Outfront Media, LLC v. Plan./Zoning Bd., No. A-1654-17 (App. Div. Jul. 19, 2019). We found that the Board failed to explain how it

arrived at its conclusions that the proposed billboard: (1) exceeded the maximum height permitted in the zone; (2) obstructed access to light and air of adjacent property or places of business; (3) was not entitled to a variance with respect to the rear yard setback requirement; and (4) encroached on the front yard setback requirement, an interpretation of the zoning ordinance disputed by Outfront.  Id. (slip op. at 4-8).  We found the Board's decision to be "conclusory in nature and untied to any of its factual findings."  Id. (slip op. at 8).

In light of our conclusion that "the Board's resolution impair[ed] our ability to evaluate the basis for and determine the propriety of its decision," we reversed the trial court's decision, vacated the Board's resolution, and remanded the matter "to the Board for reconsideration of its resolution in accordance with [our] opinion."  Id. (slip op. at 11).  We noted that "[o]f course, the Board is not precluded from reopening the hearing and considering additional evidence prior to rendering its final decision, if warranted."  Ibid.

On remand, at a public hearing held pursuant to Whispering Woods at Bamm Hollow, Inc. v. Twp. of Middletown Plan. Bd., 220 N.J. Super. 161 (Law Div. 1987), the Board approved a settlement agreement between it and Outfront based on a revised application.  At the hearing, Outfront explained several changes it made to its application.  Outfront moved the proposed billboard fifty-

one feet from its original proposed location to the empty grass area of the property, closer to Route 80 and farther from the nearby residences. As previously noted, the prior application placed the sign over the building, which the Board found required a variance. The settlement application eliminated that concern by moving the sign to the widest point on the property and pushing it up against the sound barrier. Placing the billboard against the sound barrier, however, required a variance from the seven-foot rear setback requirement (the only variance necessary). Although Outfront could have conformed the plan with the seven-foot rear setback from the highway, it chose to place the sign at the sound barrier to keep it farther from nearby residences, given that there was no detrimental impact on the highway from having the sign at the property line. Outfront also proposed additional landscaping between the property and nearby residences to improve the overall aesthetic of the neighborhood and add additional screening between the sign and the residences.

Outfront presented expert testimony concerning: (1) the benefit of the additional landscaping; (2) the lack of an obstruction of access to light and air because the billboard was not a large building and the nearest neighboring property was the highway; (3) the superiority of the new location of the sign against the sound barrier as opposed to locating it seven feet from the rear of the

5

property; (4) the application of the fifty-seven feet maximum height requirement to permit the sign to clear the sound barrier while being out of the clear line of sight of nearby residences; and (5) the proposal's compliance with the front yard setback requirement because the billboard will be at least fifty feet from the nearest residence.

Ridgefield Park opposed the settlement. Its planner testified that the proposal did not meet the front yard setback requirement and required a light and air variance. He also disagreed as to the viability and impact of other claimed variance relief.

The Board unanimously adopted a comprehensive twenty-page resolution memorializing its approval of the settlement. The resolution refers to the expert testimony offered by Outfront. The Board found that the plan promoted a desirable visual environment and did not obstruct access to light and air within the meaning of the zoning ordinance. In addition, the Board concluded that the placement of the billboard achieves the overall planning goals of the Borough for the business/retail zone per its master plan, which includes visibility of billboards from Route 80 and lessening impact on residences.

With respect to the rear yard setback deviation, the Board held that it offered a better zoning plan because the billboard will be closer to the sound

6

barrier, Route 80, and the motoring traffic, which will increase visibility and safety for the target audience, while ameliorating negative visual effects for nearby residences. The Board found that the plan complied with the front yard setback because the billboard would be more than fifty feet from the nearest residence. In reaching this conclusion, the Board rejected Ridgefield Park's argument that the ordinance requires a fifty-foot front yard setback from the nearest residence, as well as a thirty-foot setback from the property line. The Board concluded that argument ignores the size of the lot and the interpretation offered by Ridgefield Park would make it impossible to install a billboard anywhere in the zone, which clearly was not the intent of the governing body when it adopted the ordinance allowing billboards as a conditional use.

Ridgefield Park filed a complaint in lieu of prerogative writ in the Law Division challenging the Board's resolution approving the settlement. The village argued: (1) res judicata and collateral estoppel prevent the Board from changing the interpretation of the zoning ordinance it applied to Outfront's initial application; (2) the Board's findings do not support the grant of a conditional use variance; (3) the Board failed to grant a necessary bulk variance; and (4) the Board, in effect, granted front yard setback and maximum height variances without proper zoning analysis.

7

Judge Christine A. Farrington issued a comprehensive written opinion upholding the Board's resolution. The judge concluded that res judicata and collateral estoppel do not apply because our decision vacated the Board's first resolution and remanded the matter for reconsideration. Thus, Judge Farrington found, the Board was not bound by its prior interpretation of the zoning ordinance or fact findings.

In addition, the judge found that the Board complied with the holding in Whispering Woods when it held a hearing that met all of the statutory conditions necessary to vindicate the public interest, including notice, a public hearing, a public vote, and a written resolution explaining the Board's approval of the settlement. See Gandolfi v. Town of Hammonton, 367 N.J. Super. 527 (App. Div. 2004). The judge also noted that our courts favor the settlement of contested matters.

Judge Farrington found that Outfront met its burden of proof to satisfy a section (d)(3) conditional use variance as set forth in Coventry Square, Inc. v. Westwood Zoning Bd. of Adjustment, 138 N.J. 285, 300-01 (1994). The judge noted that the Board relied on expert testimony to conclude that the revised application relocated the billboard in a plan that was suitable for the conditionally permitted use, was not inconsistent with the zone plan or zoning

8

ordinance, and aesthetically suitable. Of note, the judge found, was the borough's concession that there was no location in the municipality where a billboard could be installed in complete conformance with the zoning ordinance. The judge also rejected Ridgefield Park's arguments regarding the Board's interpretation of the front yard setback, height, and bulk variance provisions of the zoning ordinance. A November 16, 2020 order memorialized Judge Farrington's decision.

This appeal follows. Ridgefield Park repeats before us the arguments it raised in the trial court.

## II.

When reviewing a planning board's decision, we use the same standard used by the trial court. Cohen v. Bd. of Adjustment, 396 N.J. Super. 608, 614-15 (App. Div. 2007). Like the trial court, our review is limited. Smart SMR of N.Y., Inc. v. Borough of Fair Lawn Bd. of Adjustment, 152 N.J. 309, 327 (1998). Decisions of zoning boards are quasi-judicial actions of municipal administrative agencies, Willoughby v. Plan. Bd., 306 N.J. Super. 266, 273 (App. Div. 1997), and they are presumed to be valid, Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment, 172 N.J. 75, 81 (2002). The Board's decision may

be set aside only if it was arbitrary, capricious, or unreasonable. Medici v. BPR Co., 107 N.J. 1, 15 (1987).

A planning board's actions are presumed to be valid because of its "peculiar knowledge of local conditions," which entitle such boards to wide latitude in the exercise of discretion. N.Y. SMSA, LP v. Bd. of Adjustment, 370 N.J. Super. 319, 331 (App. Div. 2004) (quoting Pierce Ests. Corp. v. Bridgewater Twp. Zoning Bd. of Adjustment, 303 N.J. Super. 507, 514 (App. Div. 1997)). Further, "the Board 'has the choice of accepting or rejecting the testimony of witnesses. Where reasonably made, such choice is conclusive on appeal.'" Kramer v. Bd. of Adjustment, 45 N.J. 268, 288 (1965) (quoting Reinauer Realty Corp. v. Nucera, 59 N.J. Super. 189, 201 (App. Div. 1960)). "The proper scope of judicial review is not to suggest a decision that may be better than the one made by the board, but to determine whether the board could reasonably have reached its decision on the record." Jock v. Zoning Bd. of Adjustment, 184 N.J. 562, 597 (2005).

Having carefully reviewed Ridgefield Park's arguments in light of the record and applicable legal principles, we affirm the November 16, 2020 order for the reasons stated by Judge Farrington in her thorough and well-reasoned written opinion. We add a few comments.

"The term 'res judicata' refers broadly to the common-law doctrine barring relitigation of claims or issues that have already been adjudicated." Velasquez v. Franz, 123 N.J. 498, 505 (1991). "The application of res judicata doctrine requires substantially similar or identical causes of action and issues, parties, and relief sought." Culver v. Ins. Co. of N. Am., 115 N.J. 451, 460 (1989). "In addition, there must be a 'final judgment by a court or tribunal of competent jurisdiction.'" Ibid. (quoting Charlie Brown of Chatham v. Bd. of Adjustment, 202 N.J. Super. 312, 327 (App. Div. 1985)).

"As a general principle, [c]ollateral estoppel is that branch of . . . res judicata which bars relitigation of any issue which was actually determined in a prior action . . . ." In re Liquidation of Integrity Ins. Co., 214 N.J. 51, 66 (2013) (quoting Div. of Youth & Fam. Servs. v. R.D., 207 N.J. 88, 114 (2011)). For the doctrine to apply,

> the party asserting the bar must show that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceedings issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

> [Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 521 (2006) (quoting In re Estate of Dawson, 136 N.J. 1, 20-21 (1994)).]

Collateral estoppel is distinguishable from res judicata in "that it alone bars relitigation of issues in suits that arise from different causes of action." Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 173 (App. Div. 2000). "Res judicata applies when either party attempts to relitigate the same cause of action. Collateral estoppel applies when either party attempts to relitigate facts necessary to a prior judgment." T.W. v. A.W., 224 N.J. Super. 675, 682 (App. Div. 1988). Application of collateral estoppel to bar a plaintiff's claims presents an "issue of law to be determined by a judge in the second proceeding after giving appropriate weight to the factors bearing upon the issues." Selective Ins., 327 N.J. Super. at 173.

Ridgefield Park's reliance on res judicata and collateral estoppel is misplaced, given that the doctrines apply where a final substantive decision has been made in a prior proceeding. Here, the Board's first resolution was vacated by this court. We remanded the matter for reconsideration, noting that the Board could reopen the hearing and consider additional evidence, which it elected to do. Res judicata and collateral estoppel do not apply in these circumstances. The Board was not bound to interpret the zoning ordinance in the same manner

as it had at the first hearing, nor was it constrained to reject Outfront's revised application.

With respect to the Board's decision to approve the settlement, which incorporated the variance the Board determined necessary, we, like Judge Farrington, conclude that the record contains ample evidence supporting the Board's discretionary action. To the extent Ridgefield Park raises any arguments not specifically addressed in Judge Farrington's opinion, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1135-20