**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3880-22

CASELLA FARMS
HOMEOWNERS
ASSOCIATION, INC.,

     Plaintiff-Appellant,

v.

MAYOR AND TOWNSHIP
COMMITTEE OF THE
TOWNSHIP OF HARRISON
and WH DEVELOPMENT
URBAN RENEWAL, LLC,

     Defendants-Respondents.

_____

HOLDING SMITH, INC., and
HOLDING SONS &
DAUGHTERS, INC.,

     Plaintiffs-Respondents,

v.

MAYOR AND TOWNSHIP
COMMITTEE OF THE
TOWNSHIP OF HARRISON
and WH DEVELOPMENT

URBAN RENEWAL, LLC,

     Defendants-Respondents.

_____

Argued September 9, 2024 – Decided October 31, 2024

Before Judges Gooden Brown and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. L-1280-22.

Jeffrey M. Brennan argued the cause for appellant Casella Farms Homeowners Association, Inc. (Baron & Brennan, PA, attorneys; Jeffrey M. Brennan, on the briefs).

M. James Maley, Jr., argued the cause for respondent Mayor and Township Committee of the Township of Harrison (Maley Givens, PC, attorneys; M. James Maley, Jr., Emily K. Givens, and Erin E. Simone, on the brief).

Christopher M. Terlingo and Thomas A. Muccifori argued the cause for respondent WH Development Urban Renewal, LLC (Archer & Greiner, PC, attorneys; Thomas A. Muccifori, Clint B. Allen, and Christopher M. Terlingo, on the brief).

PER CURIAM

In this action in lieu of prerogative writs, plaintiff Casella Farms Homeowners Association, Inc., (Casella Farms) appeals from the July 12, 2023, Law Division order dismissing with prejudice plaintiff's second amended complaint (SAC) against defendants Mayor and Township Committee of the

Township of Harrison (Township) and WH Development Urban Renewal, LLC (Urban Renewal). The complaint sought an order invalidating Harrison Township Ordinance 13-2022, which adopted the King's Landing Redevelopment Plan for specified properties. The complaint also sought a declaration that Urban Renewal had no rights or entitlements under the Ordinance or the corresponding King's Landing Redevelopment Plan in connection with its application to construct a warehouse development project. Because the action was untimely and the trial judge correctly denied an enlargement of time under Rule 4:69-6(c), we affirm.[1]

I.

By way of background, the Local Redevelopment and Housing Law (LRHL), N.J.S.A. 40A:12A-1 to -63, permits a municipality to determine that a tract of land constitutes an area in need of redevelopment when the municipality's governing body finds "at least one of the conditions set forth in N.J.S.A. 40A:12A-5." Hirth v. City of Hoboken, 337 N.J. Super. 149, 161

---

[1] In a February 28, 2023, trial court order, the parties consented to the consolidation of Casella Farms's action with a separate action in lieu of prerogative writs brought by plaintiffs Holding Smith, Inc., and Holding Sons & Daughters, Inc. (the Holding plaintiffs). Because the Holding plaintiffs failed to file timely answering briefs, we entered an order on December 15, 2023, suppressing the filing of any brief thereafter.

3                                                                          A-3880-22

(App. Div. 2001). A redevelopment project must be "in accordance with a redevelopment plan adopted by ordinance of the municipal governing body," N.J.S.A. 40A:12A-7(a), "follow[ing] the same procedure as the adoption of any municipal ordinance," Milford Mill 128, LLC v. Borough of Milford, 400 N.J. Super. 96, 110 (App. Div. 2008) (quoting Cox, New Jersey Zoning & Land Use Administration, § 38-4.3, at 906 (2008)).

After declaring an area to be in need of redevelopment, the governing body "may direct the planning board to prepare a redevelopment plan . . . for a designated redevelopment area." N.J.S.A. 40A:12A-7(f). The planning board or its equivalent must then "transmit to the governing body, within [forty-five] days after referral, a report containing its recommendation concerning the redevelopment plan." N.J.S.A. 40A:12A-7(e); see also Hirth, 337 N.J. Super. at 165 ("The governing body may propose a redevelopment plan and refer it to the planning board for its review. Alternatively, the governing body may direct the planning board to prepare a plan for the governing body's review . . . .") (citation omitted) (citing N.J.S.A. 40A:12A-7(e) to (f)). Upon adoption by the municipal governing body, the redevelopment plan then "becomes either all or part of the zoning for the redevelopment area." Weeden v. City Council, 391 N.J. Super. 214, 224 (App. Div. 2007).

In late 2018, the Township designated by resolution Block 46, Lot 2, and Block 47, Lots 1, 2, 3, 3.01, and 4, as a non-condemnation area in need of redevelopment pursuant to the LRHL based on the Joint Land Use Board's (Board's) evaluation and recommendation. The Township then authorized the Board to prepare a redevelopment plan for the specified parcels, referred to as the Redevelopment Area. As directed, the Board prepared a redevelopment plan entitled the King's Landing Redevelopment Plan and submitted it to the Township's governing body in March 2022, with a recommendation that it be adopted.

The Redevelopment Area consists of approximately seventy-three acres of primarily agricultural land sitting between adjacent Woolwich Township and Tomlin Station Road in the Township's "C-57 Special Gateway Zoning District" (C-57 Zone). The C-57 Zone permits three-acre-minimum lots with up to 20,000 square feet of total building coverage, a maximum height of thirty-five feet, and uses including "[w]arehousing and distribution." Plaintiff's residential properties are situated opposite the Redevelopment Area on the easterly side of Tomlin Station Road.

In the King's Landing Redevelopment Plan, the Board "[e]ncourage[d] mixed uses such as residential, commercial, and industrial to create a well-

integrated community," "direct[ed] [the Township's] efforts toward the location and development of planned office industrial-warehouse areas in the immediate vicinity of the major regional traffic arteries," and "promoted [orderly community growth] in areas where municipal services such as sewer and water are or will be available."  As to the zoning regulations, the Plan reduced the lot size minimum to two acres, removed the maximum building size limitation, and increased the permitted height to sixty feet for warehouse and distribution uses.

On April 4, 2022, the Township introduced Ordinance 13-2022, adopting the King's Landing Redevelopment Plan recommended by the Board, and, on April 8, 2022, published notice in the South Jersey Times pursuant to N.J.S.A. 40:49-2(a).  The published notice read:

> PUBLIC NOTICE THE TOWNSHIP OF HARRISON IN THE COUNTY OF GLOUCESTER *** NOTICE OF FIRST READING . . . ORDINANCE NO. 13-2022 – AN ORDINANCE OF THE MAYOR AND TOWNSHIP COMMITTEE OF THE TOWNSHIP OF HARRISON, COUNTY OF GLOUCESTER ADOPTING A REDEVELOPMENT PLAN FOR BLOCK 46, LOT 2; BLOCK 47, LOTS 1, 2, 3, 3.01, 4 IN THE TOWNSHIP OF HARRISON, GLOUCESTER. COUNTY, STATE OF NEW JERSEY[] (First reading April 4, 2022, public hearing April 18, 2022)[.]  This Ordinance was introduced and passed on first reading at the public [m]eeting of the Township . . . on April 4, 2022, and will be considered for final passage at a public meeting to be held by the Township . . . at the Harrison Township Municipal

6

Building located on Bridgeton Pike in Mullica Hill, New Jersey, at 7:00 [p.m.] on the 18th day of April, 2022, at which time and place any person interested will be given an opportunity to be heard. Copies of the . . . Ordinance may be obtained from the [m]unicipal [c]lerk's [o]ffice, between the hours of 8:00 . . . [a.m.] and 4:00 . . . [p.m.], Monday through Friday, at no cost, prior to the public hearing.

In accordance with the notice, on April 18, 2022, the Township conducted a public hearing on the Ordinance at which the Mayor and Township Committee discussed the King's Landing Redevelopment Plan and heard public comments. Following the hearing, the Township adopted the Ordinance without objection. The operative sections of the Ordinance read in part:

> Section 2. The Township Committee declares and determines that said Redevelopment Plan meets the criteria, guidelines, and conditions set forth in N.J.S.A. 40A:12A-7, provides realistic opportunities for the development and rehabilitation of the Township and specifically the Redevelopment Area, and is otherwise in conformance with N.J.S.A.40A:12A-1[ to -49].
>
> Section 3. The Township Committee hereby accepts the recommendations of the Planning Board and adopts the attached Redevelopment Plan entitled "King's Landing Redevelopment Plan" dated March 30, 2022, for the Township of Harrison and specifically Block 46, Lot 2; Block 47, Lots 1, 2, 3, 3.01, 4.
>
> Section 4. The Township Committee of the Township of Harrison shall have, be entitled to, and is hereby vested all power and authority granted by the

7

aforementioned statutory provisions to effectuate the Redevelopment Plan.

Section 5. The Redevelopment Plan shall only be available to an applicant, proper owner, developer or redeveloper that has an executed Redevelopment Agreement with the Township to the extent set forth therein.

[(Emphasis omitted).]

Thereafter, a notice of adoption of the Ordinance was published in the South Jersey Times on April 27, 2022, reading in part:

TAKE NOTICE that the . . . Ordinance was introduced and passed on first reading at a [p]ublic [m]eeting of the Township . . . held April 4, 2022[,] and after posting and publication according to law, was again read, further considered for final passage, and finally adopted at a public hearing at a meeting of [the Township] held on April 18, 2022.

Subsequently, Urban Renewal filed an application with the Board for preliminary and final major site plan approval for a proposed warehouse development project in the Redevelopment Area, and, on October 14, 2022, published a notice in the South Jersey Times detailing its application. Urban Renewal's application "consist[ed] of four . . . warehouse buildings . . . with a combined total of 2,182,101 . . . square feet of building area, each building having a maximum height of up to [sixty] feet." The proposed warehouse development would be situated on about seventy-three acres of land "located

8

along both the north . . . and south side of [U.S. Route 322/County Road 536]," "adjacent to Tomlin Station Road." In a corresponding application, Urban Renewal had received approval from Woolwich Township's land use board due to the warehouse project spanning both municipalities.

After conducting public hearings over the course of two public meetings, the Board denied Urban Renewal's application on December 15, 2022. In its memorializing resolution, although the Board recognized that "the proposed project [was] consistent with the overall development scheme for the . . . property envisioned by the Redevelopment Plan," the Board was mindful that "[m]embers of the public were vehement and outspoken in their opposition to the proposed project." In a separate action not part of this appeal, Urban Renewal filed a complaint in lieu of prerogative writs seeking reversal of the Board's decision. Ultimately, the trial court reversed the Board's denial of Urban Renewal's site plan application as "arbitrary, capricious, and unreasonable."

Seven months after the Ordinance's adoption, on November 30, 2022, plaintiff filed the three-count complaint against the Township that is the subject of this appeal. The complaint sought the invalidation of Ordinance 13-2022 and the corresponding King's Landing Redevelopment Plan. In count one, plaintiff asserted the Township "failed to publish notice in advance of the passage of [the

9

Ordinance] in compliance with the provisions [of] N.J.S.A. 40:49-2," governing notice for ordinances.[2] Specifically, plaintiff alleged the notice was noncompliant by not including "a 'clear and concise statement prepared by the clerk of the governing body setting forth the purpose of the ordinance'" and not including "any indication of the massive warehouse development which it facilitates." In count two, plaintiff asserted the Ordinance was not compliant with the LRHL, and in count three, plaintiff alleged the Ordinance was infirm because it contained no "explicit amendment to the zoning district map included in the zoning ordinance." In its SAC filed January 20, 2023, plaintiff joined

---

[2] N.J.S.A. 40:49-2 delineates the procedure for passage of an ordinance by a municipal governing body, providing in part:

> Every ordinance after being introduced and having passed a first reading . . . shall be published in its entirety or by title or by title and summary at least once . . . in a newspaper printed in the county and circulating in the municipality, together with a notice of the introduction thereof, the time and place when and where it will be further considered for final passage, a clear and concise statement prepared by the clerk of the governing body setting forth the purpose of the ordinance, and the time and place when and where a copy of the ordinance can be obtained without cost by any member of the general public who wants a copy of the ordinance.
>
> [N.J.S.A. 40:49-2(a).]

Urban Renewal, seeking a declaration that Urban Renewal "ha[d] no rights or entitlements" under the Ordinance or Redevelopment Plan.[3]

On February 16, 2023, the Township and Urban Renewal filed separate motions to dismiss plaintiff's complaint with prejudice under Rule 4:6-2(e), arguing plaintiff failed to file its action in accordance with the forty-five-day time limits prescribed in Rule 4:69-6, and failed to justify an enlargement of the forty-five-day filing period under the public interest exception contained in Rule 4:69-6(c). Plaintiff countered that it satisfied the public interest exception, the Township's noncompliance with N.J.S.A. 40:49-2 excused its untimely filing, and the filing period did not begin to run until plaintiff had reason to know the Ordinance's purpose.

After conducting oral argument, the judge accepted defendants' position, rejected plaintiff's, and dismissed plaintiff's complaint with prejudice in a July 12, 2023, order. In an accompanying memorandum of decision, the judge explained that because plaintiff failed to justify an enlargement of time for filing its prerogative writs complaint under Rule 4:69-6(c), and the notice preceding

---

[3] Urban Renewal was joined after the trial court issued a consent order permitting intervention pursuant to Rule 4:33-1.

11

enactment of the Ordinance was substantially compliant with N.J.S.A. 40:49-2(a), plaintiff failed to state a claim under Rule 4:6-2(e). This appeal followed.

On appeal, plaintiff raises the following points for our consideration:

> I.    THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THIS MATTER DID NOT IMPLICATE THE PUBLIC INTEREST EXCEPTION WARRANTING AN ENLARGEMENT OF THE [FORTY-FIVE]-DAY APPEAL PERIOD PURSUANT TO [RULE] 4:69-6(C)[.]

> II.    THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THE NOTICE PUBLISHED BY THE TOWNSHIP FOLLOWING THE INTRODUCTION OF ORDINANCE NO. 13-2022 COMPLIED WITH N.J.S.A. 40:49-2[.]

>> A. The Clear And Unambiguous Language Of N.J.S.A. 40:49-2 Requires The Notice To Include Both The Ordinance's Title And A Separate Statement Of Purpose Prepared By The Clerk.

>> B.    Even Assuming, Arguendo, That N.J.S.A. 40:49-2 Was Not Clear And Unambiguous, The Statute's Legislative History Leaves No Doubt As To The Drafters' Intent For The Notice To Include Both The Ordinance's Title And A Separate Statement Of Purpose Prepared By The Clerk.

>> C. The Notice Published In Advance Of The Hearing And Passage Of Ordinance No. 13-2022 Was Deficient Because It Did

12

Not Include A Separate Statement Of Purpose Prepared By The Clerk.

D.    Ordinance No. 13-2022 Is Void Because Its Hearing And Passage Was Preceded By Defective Notice.

III.    THE TRIAL COURT ERRED IN ITS APPLICATION OF THE STANDARD OF REVIEW FOR A MOTION TO DISMISS BROUGHT PURSUANT TO [RULE] 4:6-2(e)[.]

II.

We review "de novo the trial court's determination of [a] motion to dismiss under Rule 4:6-2(e)" and owe "no deference to the trial court's legal conclusions." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019). We must "'pass no judgment on the truth of the facts alleged' in the complaint and must 'accept them as fact only for the purpose of reviewing the motion to dismiss.'" Mueller v. Kean Univ., 474 N.J. Super. 272, 283 (App. Div. 2022) (quoting Banco Popular N. Am. v. Gandi, 184 N.J. 161, 166 (2005)). Accordingly, our inquiry is to be "undertaken with a generous and hospitable approach," affording plaintiff "every reasonable inference of fact." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989).

Rule 4:69-6(a) requires that an action in lieu of prerogative writs be filed no later than "[forty-five] days after the accrual of the right to the review, hearing or relief claimed," except in certain circumstances not applicable here. Nevertheless, a court "may enlarge" the forty-five-day limitation period "where it is manifest that the interest of justice so requires." Rule 4:69-6(c). Enlargement of the prerogative writs limitation period is left to the trial court's discretion "when it perceives a clear potential for injustice." Hopewell Valley Citizens' Grp., Inc. v. Berwind Prop. Grp. Dev. Co., 204 N.J. 569, 578 (2011) (citing Reilly v. Brice, 109 N.J. 555, 560 (1988)). We review the trial court's determination whether to enlarge the time in which a party may file an action in lieu of prerogative writs pursuant to Rule 4:69-6(c) for an abuse of discretion. Reilly, 109 N.J. at 560.

Although our courts have not provided "an exhaustive list of circumstances pursuant to which enlargement can be awarded," Hopewell Valley, 204 N.J. at 583, our Supreme Court has identified three general categories that qualify for enlargement, first enunciated in Brunetti v. Borough of New Milford, 68 N.J. 576, 586 (1975). Those "general categories of cases that qualify for the 'interest of justice' exception" include "(1) important and novel constitutional questions; (2) informal or ex parte determinations of legal

questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification." Borough of Princeton v. Bd. of Chosen Freeholders, 169 N.J. 135, 152 (2001) (quoting Brunetti, 68 N.J. at 586).

Here, plaintiff advanced the "important public [interest]" exception. Ibid. In determining whether to enlarge the time under that exception, the "public interest must be balanced against 'the important policy of repose expressed'" in the rule. Hopewell Valley, 204 N.J. at 580 (quoting Reilly, 109 N.J. at 559); see also Southport Dev. Grp., Inc. v. Twp. of Wall, 310 N.J. Super. 548, 556 (App. Div. 1998) (discussing the impact on the municipality and the plaintiff in addition to "the previous actions or inactions of the plaintiff" as factors for determining the appropriateness of an enlargement). That is because "th[e] 'statute of limitations is designed to encourage parties not to rest on their rights.'" Rocky Hill Citizens for Responsible Growth v. Plan. Bd., 406 N.J. Super. 384, 398 (App. Div. 2009) (quoting Horsnall v. Washington Twp. Div. of Fire, 405 N.J. Super. 304, 313 (App. Div. 2009)).

We have addressed the public interest category in a line of cases following Brunetti. In Willoughby v. Planning Board, 306 N.J. Super. 266 (App. Div. 1997), the plaintiffs, a citizen's group and two neighborhood residents,

15

challenged an ordinance approximately nine months after it was adopted.  Id. at 270-72.

> The ordinance rezoned a particular property owned by Wolfson Group, Inc.[,] from "Office Campus" to "Town Center."  [Id. at 271.]  The ordinance prompted the plaintiffs to mount a political campaign resulting in the incumbents being turned out of office.  Wolfson submitted an application for site plan approval to the town's planning board.  Eventually, the town council adopted an ordinance returning the zoning to Office Campus; however, Wolfson's site plan was approved by the planning board, and the plaintiffs then brought suit challenging site plan approval and the repealed zoning ordinance, which allowed for this site plan.  The trial judge refused to enlarge the forty-five[-]day limitation period and dismissed the complaint.
>
> We reversed and determined that development of the property in accordance with the zoning change would have a significant impact on the residents of the adjoining neighborhood and would impact the flow of traffic on a major thoroughfare; moreover, the public would lose access to nature trails due to the rezoning. Additionally, we observed that the claimed benefits of "increased shopping facilities, employment opportunities and tax ratables" as a result of the rezoning were all matters of public interest.  Id. at 277. We also noted that the political campaign and municipal election results were both evidence of the public's interest in this matter.  Ibid.  Finally, we concluded that "[u]nder these circumstances, there [was] no basis for concluding that Wolfson justifiably relied upon plaintiffs' failure to file suit within forty-five days or that Wolfson's interest in repose outweighs the public interest in a decision on the merits of plaintiffs' claims."  Id. at 278-79.

16

[Rocky Hill, 406 N.J. Super. at 400-01 (last two alterations in original).]

Later, in Concerned Citizens of Princeton, Inc. v. Mayor and Council of Princeton, 370 N.J. Super. 429, 435, 442 (App. Div. 2004), the plaintiffs, a group of local merchants and residents, filed a "complaint in lieu of prerogative writs challenging [defendant Princeton Borough Council's] designation of certain municipally-owned properties located in the central business district of the downtown area of Princeton as constituting an area in need of redevelopment pursuant to the [LRHL]." Although the complaint was filed "more than ten months after the challenged redevelopment designation," id. at 445, we held "the trial court properly applied its discretion in concluding that the interests of justice warranted enlarging the period of time within which plaintiffs could challenge the action of the Borough Council." Id. at 435.

> In support of enlargement, we pointed to the plaintiffs' allegations of "numerous violations and misapplication" of the [LRHL], "as well as arbitrary and capricious municipal action in the redevelopment designation of public lands." [Id.] at 447. We observed that the designation would also require the expenditure of public funds through the issuance of bonds. Ibid. Finally, although we noted that the plaintiffs demonstrated a strong public interest by submitting a significant number of signatures opposing the project, ibid., that factor was seriously called into question by

17

our concurring colleague. Id. at 473 ("I would not equate mere numerosity with 'important public rather than private interests that require adjudication.'") (Hoens, J.A.D., concurring).

[Rocky Hill, 406 N.J. Super. at 399-400.]

More recently, in Rocky Hill, we upheld the trial court's denial of an enlargement of the limitation period. Id. at 403. There, the plaintiffs, a citizen's group and other residents, filed an action in lieu of prerogative writs challenging an ordinance governing Rocky Hill's historic preservation district and defendant Rocky Hill Planning Board's approval of a subdivision application for new construction in the district. Id. at 390, 396-97. Plaintiffs' complaint was filed October 27, 2006, and the challenged ordinance was adopted December 20, 2004, representing a nearly two-year delay. Id. at 391, 396.

In distinguishing Concerned Citizens and Willoughby, which we characterized as "the exception rather than the rule" for granting an enlargement as a matter of public interest, Rocky Hill, 406 N.J. Super. at 401, we stated:

> None of the factors present in those cases are apparent here. There are no public funds involved, no political upheavals, no significant impact on density, traffic, ratables or any interest other than the concerns expressed by the individual plaintiffs and their supporters and no constitutional implications. Plaintiffs' primary argument is that the ordinance will undermine the "efficacy" of the District and that permissible scale, size, mass and arrangement of future

18

construction in the District will be affected. While certainly the ordinance is of interest to this limited public, this is not the public interest envisioned by the Court in permitting limited expansion of the rule.

[Ibid.]

In rejecting plaintiffs' justification for the delay in challenging the ordinance, we explained:

Public consideration of this ordinance was extensive. Numerous public hearings were held[,] and participation was substantial. The time to challenge the ordinance was within the prescribed limitation period. The suggestion that there was no reason to move forward to challenge the ordinance because of a lack of understanding as to the Planning Board's interpretation of the ordinance is unavailing. . . . In essence, plaintiffs adopted a "wait and see" attitude that does not foreclose them from attacking the bona fides of the application, but should not form the basis for seeking the extraordinary relief of an extension to allow an attack on the bona fides of the ordinance.

. . . .

We cannot accept a "wait and see" strategy as a basis for granting relief from the limitations rule. All ordinances, at some point, will be subject to the interpretation of the appropriate agency. To suggest that the right to challenge should accrue when the interpretation is contrary to one's view subordinates the public interest in repose to the private interests of the objectors. That is what is suggested here, and it is unacceptable as an appropriate outcome. This ordinance emerged from a cauldron of debate and review. Plaintiffs' view of the merits did not change

19

over the almost two years since the ordinance was adopted.

[Id. at 402-03.]

Cf. Adams v. DelMonte, 309 N.J. Super. 572, 581 (App. Div. 1998) (permitting enlargement when "the full aspect of [the defendant's] enterprise did not become apparent until the subsequent [p]lanning [b]oard hearing was conducted").

Here, the judge determined plaintiff failed to demonstrate a justification for enlargement within the public interest exception. The judge analogized the public interest in the ordinance to the public's interest in Rocky Hill and concluded that "such interest [was] not the type of interest contemplated under the limitation's exception." Reviewing the factors set forth in Willoughby, Concerned Citizens, and Rocky Hill, the judge expounded:

> Rocky Hill alludes to what type of interest could rise to the level of warranting an extension to the filing deadline. "There are no public funds involved, no political upheavals, no significant impact on density, traffic, ratables or any interest other than the concerns expressed by the individual plaintiffs and their supporters and no constitutional implications." [406 N.J. Super. at 401.] None of those significant issues exist in this matter either. There are no public funds involved, no political upheavals, and no significant impact on density, traffic or ratables. Plaintiff[] loosely reference[s] tax ratables as a reason for the public interest, but do[es] not support such an argument. There is nothing in the record to suggest that the Ordinance creates a significant tax ratable issue.

> Plaintiff[] also reference[s] the potential for an increase in traffic. This may be accurate, but there is nothing in the record to suggest that there will be a "significant impact" on traffic or that the traffic situation will affect most of the Township or just the small area around the project. Many [o]rdinances, if not most, may have some effect on the public, but that does not justify an extension of filing deadlines. There must be something significant that has an effect on a larger portion of the Township, not potentially just some of the roads around the project.

We agree with the judge's analysis. Prior to adoption of the Ordinance, the public—of which plaintiff's property owners are a part—were made aware of and had the opportunity to comment on the proposed Redevelopment Plan at multiple public hearings. See Great Atl. & Pac. Tea Co. v. Borough of Point Pleasant, 137 N.J. 136, 142 (1994) ("The entire process is replete with the opportunity for public participation."). Yet, plaintiff waited several months after the Township's publication of the notice of final adoption before filing its challenge to the Ordinance. By then, Urban Renewal was in the process of obtaining approval of its site plan application from the Board relying on the Ordinance.

Unlike the repealed zoning ordinance challenged in Willoughby, the Township enacted the Ordinance after the Board prepared a Redevelopment Plan, reviewed the plan against the land use element of the Township's master

21

plan, and recommended that the Township adopt it.  See Willoughby, 306 N.J. Super. at 277-78 (noting the primary basis of the plaintiffs' challenge was that the zoning ordinance was not substantially consistent with the land use element of the municipal master plan).  Indeed, in recommending the Redevelopment Plan, the Board specifically determined that "[i]mplementing th[e] Redevelopment Plan w[ould] help [the Township] achieve the . . . [development, employment, and commercial] goals and objectives" outlined in the Township's master plan and subsequent reexaminations.

We reject plaintiff's contention that "th[e] matter also involves political upheaval."  In support, plaintiff points to statements by the Township mayor during an end-of-year message posted on YouTube on December 31, 2020, that showcased inconsistencies between the Township's planning documents and the Ordinance and Redevelopment Plan.  We do not believe that such statements qualify as the type of political upheaval contemplated in Willoughby, 306 N.J. Super. at 277.  Similarly unavailing is plaintiff's argument that the Ordinance and Redevelopment Plan affected the expenditure of public funds in a manner consistent with Concerned Citizens, 370 N.J. Super. at 447.  In support, plaintiff primarily points to the payment in lieu of taxes (PILOT) agreement entered between the Township and the redeveloper after the Ordinance was adopted.

Although a PILOT agreement may implicate public funds in so far as it generates revenue, it does not compare to the issuance of public bonds that indebt a municipality for years into the future. Indeed, the income generated from a PILOT agreement differs from bonds in that the former supplements the public purse at a discount to the normal property tax receipts, see N.J.S.A. 40A:20-11, while the latter generates short-term revenue at the cost of indebtedness, see In re City of Margate City, 424 N.J. Super. 242, 244, 251 (App. Div. 2012) (discussing "the public policy favoring voter participation in a legislative decision to incur indebtedness" by a municipality through the issuance of bonds).

Plaintiff also attempts to bootstrap the heated public hearings on Urban Renewal's site plan application to attack the Ordinance, citing "substantial public opposition." However, participation at the public hearings concerning the development of a property within the redevelopment area governed by the Redevelopment Plan was not contemplated by the courts in determining whether a challenge was within the public interest. Rocky Hill, 406 N.J. Super. at 402. As in Rocky Hill, "[t]here was no deception here" as the Ordinance and Redevelopment Plan were subject to public comment and thoroughly vetted. 406 N.J. Super. at 402. Inasmuch as the Board's hearing on Urban Renewal's

application occurred more than six months after the adoption of the Ordinance, plaintiff's delay in challenging the Ordinance must be weighed against Urban Renewal's reliance on its enactment and "underpin[s] the purpose of the forty-five[-]day time limitation." Concerned Citizens, 370 N.J. Super. at 475 (Hoens, J.A.D., concurring).

We also reject plaintiff's contention that the Township's failure to publish notice in strict compliance with N.J.S.A. 40:49-2(a) by including "a clear and concise statement prepared by the clerk of the governing body setting forth the purpose of the ordinance" excuses plaintiff's untimely challenge. When the Legislature amended N.J.S.A. 40:49-2(a) in 1995, it intended to simplify the notice requirements incumbent on municipalities adopting ordinances and reduce the associated expenses. According to the Sponsors' Statement at the time the bill was introduced to the Legislature, the statutory option of publishing "a clear and concise statement setting forth the purpose of the ordinance and a notice of the time and place when and where copies of the proposed ordinance may be obtained by the public" was intended "to reduce the costs associated with the publication of municipal ordinances." Sponsors' Statement to S. 7 (June 13, 1994) (L. 1995, c. 259); see also S. Cmty. Affs. Comm. Statement to S. 7 (June 22, 1994) (describing the same intent as detailed in the Sponsors' Statement).

Based on a comparison between the published notice and the Ordinance, nothing is missing from the notice that is otherwise effectuated by the operative sections of the Ordinance. The Township succinctly provided the public with the details necessary to inform interested individuals of the nature of the Ordinance as well as the time and place of proposed final adoption and the time and place where a copy of the Ordinance, including the Redevelopment Plan, could be obtained. The Ordinance's title as described in the published notice leaves little doubt as to the Township's purpose in adopting the Ordinance and specifies the affected blocks and lots. As the judge stated, "[a]n interested person would understand that the Township is adopting an ordinance, and that the Ordinance's purpose is to adopt a redevelopment plan for certain lands which are specifically identified."

We are satisfied the judge correctly evaluated the Willoughby, Concerned Citizens, and Rocky Hill factors in determining whether plaintiff's challenge to the Ordinance fell within the public interest exception. We discern no abuse of discretion in the judge's denial of an enlargement of time under Rule 4:69-6(c). Based on our decision, we need not address plaintiff's remaining arguments.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

25

A-3880-22