**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2268-23

WESTFIELD ADVOCATES
FOR RESPONSIBLE
DEVELOPMENT, FRANK
FUSARO, CARLA BONACCI,
ALISON CAREY, WILLIAM
FITZPATRICK, and ANTHONY
LAPORTA,

      Plaintiffs-Appellants,

v.

TOWN OF WESTFIELD,

      Defendant-Respondent,

and

SW WESTFIELD, LLC,

      Defendant/Intervenor-
      Respondent.

_____

Argued May 20, 2025 – Decided June 27, 2025

Before Judges Smith and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-1011-23.

Robert E. Levy argued the cause for appellants (Scarinci & Hollenbeck, LLC, attorneys; Robert E. Levy, of counsel and on the briefs).

Irene Hsieh argued the cause for respondent Town of Westfield (Greenbaum Rowe Smith & Davis, LLP, attorneys; Robert S. Goldsmith, on the brief).

Derrick R. Freijomil argued the cause for respondent SW Westfield, LLC (Riker Danzig LLP, attorneys; Derrick Freijomil and Stephanie Edelson, of counsel and on the brief).

PER CURIAM

In this action in lieu of prerogative writs, plaintiffs Westfield Advocates for Responsible Development, Frank Fusaro, Carla Bonacci, Alison Carey, William Fitzpatrick, and Anthony LaPorta (collectively, plaintiffs) appeal from a February 26, 2024 Law Division order dismissing with prejudice their complaint against defendant Town of Westfield (Westfield). Plaintiffs sought an order invalidating Westfield's Ordinance 2023-03. We affirm.

I.

A.

As background, we note the Local Redevelopment and Housing Law[1] (LRHL) permits a municipality to undertake redevelopment projects in line with adopted redevelopment plans. See N.J.S.A. 40A:12A-7. A redevelopment plan must be "adopted by ordinance of the municipal governing body," N.J.S.A. 40A:12A-7(a), "follow[ing] the same procedure as the adoption of any municipal ordinance," Milford Mill 128, LLC v. Borough of Milford, 400 N.J. Super. 96, 110 (App. Div. 2008) (quoting Cox, New Jersey Zoning & Land Use Administration § 38-4.3, at 906 (2008)). The municipality adopting the redevelopment plan must make findings. It must, "find[] that the specifically delineated project area is located in an area in need of redevelopment or in an area in need of rehabilitation, or in both, according to criteria set forth in [N.J.S.A. 40A:12A-5 or -14] . . . ." N.J.S.A. 40A:12A-7(a) (citation omitted). Upon adoption by the municipal governing body, the redevelopment plan then "becomes either all or part of the zoning for the redevelopment area." Weeden v. City Council, 391 N.J. Super. 214, 224 (App. Div. 2007).

B.

---

[1] N.J.S.A. 40A:12A-1 to -63.

A-2268-23

In the summer of 2020, Westfield designated certain properties as areas in need of redevelopment, pursuant to N.J.S.A. 40A:12A-5. In October 2020, Westfield, pursuant to N.J.S.A. 40A:12A-14, designated the entire town as a rehabilitation area. The redevelopment and rehabilitation areas were collectively termed the redevelopment area.

On January 26, 2023, Topology, a professional planning firm retained by the Westfield planning board, submitted to the governing body the Lord and Taylor/Train Station Redevelopment Plan. On January 31, 2023, Westfield's governing body introduced Ordinance 2023-03, proposing to adopt the plan. After introducing the ordinance, the governing body next referred it to the planning board for review.

On February 6, 2023, the planning board conducted a public hearing. The board took testimony from Topology's planner, Christopher Colley, and Westfield's planner, Donald B. Sammet. Next, the Westfield Advocates for Responsible Development (WARD) made a detailed presentation to the board. WARD representatives Carla Bonacci, Courtney Schael, Marvin Gersten, and other members of the group read to the board substantial portions of a memorandum opposing adoption of Ordinance 2023-03 (the WARD memo). They also engaged in an extensive and detailed colloquy with the board about

the merits of the redevelopment plan and whether it was consistent with the Westfield master plan. After all witnesses testified, the board made written findings and recommendations, stating:

> [f]ollowing the presentations of Mr. Colley and Mr. Sammet and the public comments received, the [b]oard discussed the [p]lan and did not identify any provisions in the [p]lan which were inconsistent with the [m]aster [p]lan. Chairman Ash made a motion that the [b]oard adopt Topology's conclusions set forth in Chapter 9[2] of the [p]lan, with concurrence from Mr. Sammet, and find that the [p]lan is consistent with the [m]aster [p]lan and to recommend adoption of the [p]lan with no changes. The motion was seconded and unanimously approved by the [b]oard by a vote of 9-0.
>
> The [b]oard did not identify any provisions in the [p]lan which were inconsistent with the [m]aster [p]lan nor did the [b]oard make any recommended revisions to the [p]lan to the Town Council.

The planning board submitted its written report (the planning board memo) to the Westfield governing body. On February 14, 2023, Westfield adopted Ordinance 2023-03 and published notice of its adoption two days later.

Plaintiffs WARD, Fusaro, Bonacci, and Carey filed a complaint in lieu of prerogative writ on March 29, 2023, alleging that Westfield's approval of Ordinance 2023-03 was arbitrary, capricious, unreasonable and contrary to law.

---

[2] Chapter 9 of the Lord and Taylor/Train Station Redevelopment Plan is entitled, Relationship to Other Plans.

Plaintiffs contended that the trial court failed to apply N.J.S.A. 40A:12A-5, -7, and -14 of the LRHL to the redevelopment plan and also that the exhibits proffered by plaintiffs at the meeting should have been included in the record. Plaintiffs amended their complaint to add co-plaintiffs Fitzpatrick and LaPorta. SW Westfield LLC (SWW), the designated developer of the Lord & Taylor/Train Statement Redevelopment Plan, intervened. Westfield and SWW answered.

Prior to trial, the parties prepared a joint exhibit list and stipulated to certain facts. SWW moved to bar some of plaintiffs' proposed exhibits, but the trial court denied the motion without prejudice, reserving admissibility decisions for trial.

The court held a bench trial on January 26, 2024. It barred plaintiffs' proposed exhibits and limited the record to the joint exhibits and stipulated facts. The court also excluded the WARD memo, relying on Hirth v. City of Hoboken[3] to establish the limits of the permissible record to be considered during a

---

[3] 337 N.J. Super. 149, 165 (App. Div. 2001) ("[I]f an action is brought challenging a redevelopment plan, there ordinarily is no administrative record other than whatever report the planning board may have submitted to the governing body and a transcript of the quasi-legislative hearing before the governing body.").

challenge to a municipality's adoption of an ordinance. The court denied plaintiffs' motion for reconsideration.

After plaintiffs voluntarily withdrew their challenge to Westfield's two redevelopment designations,[4] as well as the rehabilitation designation,[5] the court heard argument on plaintiffs' remaining claims.

On February 26, 2024, the court dismissed plaintiffs' remaining claims with prejudice, finding that plaintiffs failed to show the Lord & Taylor/Train Statement Redevelopment Plan was inconsistent with Westfield's master plan. The court found that:

> the [r]edevelopment [p]lan addresse[d] permitted uses, building heights, setbacks, and coverage, and other criteria for each of the zones in the [r]edevelopment [a]rea, along with a multitude of circulation considerations in the transit-oriented development, including analyses of traffic and pedestrian matters . . . The [r]edevelopment [p]lan also addresse[d] building design, parking, sidewalks and streetscapes, traffic, and other aspects of the [r]edevelopment [p]lan, responding to inquiries from the [g]overning [b]ody members and demonstrating how they were consistent with the [m]aster [p]lan . . . . As to building heights, the [m]aster [p]lan specifically permitted increased heights within the [r]edevelopment [a]rea.

---

[4] June 30 and August 11, 2020

[5] October 13, 2020

A-2268-23

The trial court next found that plaintiffs failed to show how Westfield's ordinance adoption was arbitrary and capricious. Relying on the stipulated facts and joint exhibits, the court determined that Westfield's adoption of Ordinance 2023-03 was a "well-reasoned, careful, and sound decision."

The court then dismissed plaintiffs' claims that the redevelopment plan conflicted with: (1) previous zoning requirements and restrictions; and (2) the Municipal Law Use Law (MLUL). Citing Hirth, the court determined that "the [r]edevelopment [p]lan at issue supersede[d] and amend[ed] any existing zoning laws as a matter of law—it d[id] not conflict with a prior zoning law that [was] not controlling or effective as against the [r]edevelopment [p]lan." It then found that "the MLUL d[id] not apply to a plaintiff's challenge to a redevelopment plan."

Finally, the court found that plaintiffs received sufficient process in the adoption of Ordinance 2023-03.

Plaintiffs appealed, arguing that Westfield's adoption of the redevelopment plan was contrary to the LRHL, and the trial court erred in barring the February 6, 2023 Westfield planning board meeting transcript and the WARD memo from the record.

II.

Discovery determinations are within the trial court's discretion. Brugaletta v. Garcia, 234 N.J. 225, 240 (2018). We use an abuse of discretion standard to evaluate a trial court's rulings on discovery issues. Cap. Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79-80 (2017). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002).

"In [an] appeal from a non-jury trial, we give deference to the trial court that . . . sifted the competing evidence[] and made reasoned conclusions." Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (citing Rova Farms Resort, Inc. v. Investors Ins., 65 N.J. 474, 483-84 (1974)). It follows that we will not disturb a trial court's factual findings unless convinced "they are so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice." Rova Farms Resort, Inc., 65 N.J. at 474 (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). For this reason, "findings by a trial court are binding on appeal when supported by adequate, substantial, credible evidence." Gnall v. Gnall, 222 N.J. 414, 428 (2015). We do not, however,

accord such deference to the trial court's legal conclusions, which are reviewed de novo.  Thieme v. Aucoin-Thieme, 227 N.J. 269, 283 (2016).

"[A] municipality's adoption of . . . a redevelopment plan[] is a discretionary decision . . . ."  Powerhouse Arts Dist. Neighborhood Ass'n v. City Council of Jersey City, 413 N.J. Super. 322, 332 (App. Div. 2010).  "A court will uphold such an exercise of discretion unless 'arbitrary or capricious, contrary to law, or unconstitutional.'"  Ibid. (quoting Downtown Residents for Sane Dev. v. City of Hoboken, 242 N.J. Super. 329, 332 (App. Div. 1990)).  "[W]hen reviewing the decision of a trial court that has reviewed municipal action, [appellate courts] are bound by the same standards as was the trial court."  Berardo v. City of Jersey City, 476 N.J. Super. 341, 353 (App. Div. 2023) (alteration in original) (quoting Fallone Props., L.L.C. v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 562 (App. Div. 2004)).

III.

A.

We are unpersuaded by plaintiffs' argument that the trial court abused its discretion when it excluded the February 6, 2023 planning board meeting transcript and the WARD memo from the record.

Complaints in lieu of prerogative writs are generally limited to the record created before a municipal board or council. See Willoughby v. Plan. Bd. of Deptford, 306 N.J. Super. 266, 273-74 (App. Div. 1997) (citing Kramer v. Bd. of Adjustment, Sea Girt, 45 N.J. 268, 288 (1965)); see also R. 4:69-4.

"Although pretrial discovery should be liberally granted, its range is not limitless. Meandering expeditions which seek irrelevant, duplicative, oppressive[,] or burdensome discovery are not permitted." HD Supply Waterworks Grp., Inc. v. Dir., Div. of Tax., 29 N.J. Tax 573, 583 (2017). Moreover, "[t]he discovery rights provided by our court rules are not instruments with which to annoy, harass or burden a litigant or a litigant's experts." Ibid. (quoting Gensollen v. Pareja, 416 N.J. Super. 585, 591 (App. Div. 2010)).

Here, the record before Westfield's governing body prior to the adoption of Ordinance 2023-03 was presented to the trial court. This record included: the Lord & Taylor/Train Station Redevelopment Plan; Colley's presentation at the first reading of Ordinance 2023-03; the transcript and minutes from the same meeting; the planning board memo; the transcript and minutes from the council meeting adopting Ordinance 2023-03; and the ordinance itself. The record shows that the governing body did not review the WARD memo or the February

A-2268-23

6 planning board meeting transcript when it adopted the ordinance on February 14. Therefore, we conclude the trial court did not commit error in barring the WARD memo and the transcript.

Even if the trial court had reviewed the transcript and the WARD memo, the outcome would not change. A planning board's determination regarding a redevelopment plans consistency with a master plan is entitled to deference and great weight. See Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 383 (1995) (considering substantially similar statutory language under N.J.S.A. 40:55D-26(a)). Courts must give deference to the actions and factual findings of local boards and may not disturb such findings unless they were arbitrary, capricious, or unreasonable. Fallone Props., L.L.C. v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 560 (App. Div. 2004).

Plaintiffs contend the WARD memo outlines inconsistencies between the redevelopment plan and the master plan. The record shows that WARD members read it to the board "nearly in its entirety" on February 6. The record further shows that the planning board informed the governing body that it considered the WARD memo during deliberations. Having considered it, the planning board identified no inconsistencies with the master plan. In Ordinance

2023-03, Westfield's governing body stated that it "ha[d] considered [the planning board's] recommendation[.]"

Because the planning board considered the WARD memo in its consistency review and the governing body accepted the planning board's consistency recommendation, we conclude that the inclusion of the WARD memo and hearing transcript would not have affected the trial court's decision.

B.

Plaintiffs argue that Westfield's redevelopment plan failed to satisfy N.J.S.A. 40A:12A-5 and N.J.S.A. 40A:12A-7. They contend that the plan inappropriately included non-blighted areas and otherwise failed to satisfy statutory requirements. We are not persuaded.

N.J.S.A. 40A:12A-5 states in pertinent part:

> A delineated area may be determined to be in need of redevelopment if, after investigation, notice and hearing. . . , the governing body of the municipality by resolution concludes that within the delineated area any of the following conditions is found:

> d. Areas with buildings or improvements which, by reason of dilapidation, obsolescence, overcrowding, faulty arrangement or design, lack of ventilation, light and sanitary facilities, excessive land coverage, deleterious land use or obsolete layout, or any combination of these or other factors, are detrimental to the safety, health, morals, or welfare of the community.

h. The designation of the delineated area is consistent with smart growth planning principles adopted pursuant to law or regulation.

We note that the designation of areas for redevelopment or rehabilitation are separate municipal actions from the adoption of a redevelopment plan. See Powerhouse Arts Dist. Neighborhood Ass'n, 413 N.J. Super. at 336 (citing Hirth, 337 N.J. Super. at 164) ("[A]n initial blight designation[6] and subsequent adoption of a redevelopment plan are independent municipal actions governed by separate sections of the LRHL.").

N.J.S.A. 40A:12A-7(a) tells us that a municipality's adoption of a redevelopment plan must be preceded by designation of areas in need of redevelopment or rehabilitation. It states:

> No redevelopment project shall be undertaken or carried out except in accordance with a redevelopment plan adopted by ordinance of the municipal governing body, upon its finding that the specifically delineated project area is located in an area in need of redevelopment or in an area in need of rehabilitation, or in both, according to criteria set forth in [N.J.S.A. 40A:12A-5] or [N.J.S.A. 40A:12A-14] . . . .

---

[6] The words "redevelopment" and "blight" are used interchangeably in the context of the LRHL. "[A] governing body's designation of the delineated area as a 'redevelopment area' N.J.S.A. 40A:12A-6(b)(5), serves to deem the area 'blighted' for purposes of the Blighted Areas Clause of the Constitution." Iron Mountain Info. Mgmt., Inc. v. City of Newark, 405 N.J. Super. 599, 612 (App. Div. 2009) (citing N.J.S.A. 40A:12A-6(c)).

[(Emphasis added).]

Section 7 does not require a municipality to reevaluate the redevelopment or rehabilitation designations upon adoption of a redevelopment plan. See Powerhouse Arts Dist. Neighborhood Ass'n, 413 N.J. Super. at 335 ("[A municipality] need not . . . reevaluate[] any . . . properties according to the criteria enumerated in [N.J.S.A. 40A:12A-5] while it . . . adopt[s] a redevelopment plan pursuant to [N.J.S.A. 40A:12A-7]."). It follows that Westfield was not required to reevaluate the 2020 designations when it adopted the Lord & Taylor/Train Station Redevelopment Plan.

The proper way to challenge designations made pursuant to N.J.S.A. 40:12A-5 and -14 is through an action in lieu of prerogative writs. See Iron Mountain Info. Mgmt., Inc., 405 N.J. Super. at 612-13 ("Like any other challenge to municipal action, challenges to blight designations are subject to Rule 4:69-1 to -7 . . . ."); N.J.S.A. 40A:12A-6(7). Plaintiffs had, in fact, challenged Westfield's 2020 designations, but withdrew those challenges at trial. We may "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Berardo v. City of Jersey City, 476 N.J. Super.

341, 354 (App. Div. 2023) (internal quotation marks omitted) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959))). Because plaintiffs voluntarily dismissed their claims against Westfield's 2020 designations, we decline to address them here.

Plaintiffs also argue that the trial court erred when it found that the Lord & Taylor/Train Station Redevelopment Plan was consistent with Westfield's master plan. We reject plaintiffs' claim for the reasons expressed in the cogent opinion of the trial court. We add the following brief comments.

Both a municipality's planning board and governing body are required to determine the consistency of a redevelopment plan. A planning board is required to determine consistency under N.J.S.A. 40A:12A-7(e), which provides that:

> Prior to the adoption of a redevelopment plan, or revision or amendment thereto, the planning board shall transmit to the governing body, within [forty-five] days after referral, a report containing its recommendation concerning the redevelopment plan. This report shall include an identification of any provisions in the proposed redevelopment plan which are inconsistent with the master plan and recommendations concerning these inconsistencies and any other matters as the board deems appropriate.
>
> [(Emphasis added.)]

Upon receipt of the planning board's report, a governing body must determine whether the redevelopment plan is "<u>substantially consistent</u> with the municipal master plan or <u>designed to effectuate</u> the master plan."  N.J.S.A. 40A:12A-7(d) (emphasis added).  However, "the municipal governing body may adopt a redevelopment plan which is inconsistent with or not designed to effectuate the master plan by affirmative vote of a majority of its full authorized membership with the reasons for so acting set forth in the redevelopment plan." <u>Ibid.</u>

The Supreme Court has stated that the term "substantially consistent" "permits some inconsistency, provided it does not substantially or materially undermine or distort the basic provisions and objectives of the [m]aster [p]lan." <u>Manalapan Realty, L.P.</u>, 140 N.J. at 384.  "[F]indings underlying the municipal governing body's redevelopment decision, including any regarding the plan's consistency or inconsistency with the master plan, must be adequately supported by the record, lest the resulting plan adoption be arbitrary or capricious." <u>Powerhouse Arts Dist. Neighborhood Ass'n</u>, 413 N.J. Super. at 333 (footnote omitted) (citing <u>Infinity Broad. Corp. v. N.J. Meadowlands Comm'n</u>, 377 N.J. Super. 209, 225 (2005)).

The ample record shows that Westfield conducted a satisfactory consistency review, and its determination on the consistency of the Lord & Taylor/Train Station Redevelopment Plan with Westfield's master plan was adequately supported by the record. The Westfield governing body relied on the planning board's memo, which included findings that the redevelopment plan was consistent with the master plan. Before adopting Ordinance 2023-03, the governing body heard from licensed professional planners Colley and Sammet, as well as from members of the public. Our thorough review of the record reveals nothing which suggests that Westfield's adoption of Ordinance 2023-03 was arbitrary and capricious.

To the extent that we have not addressed any other arguments by plaintiffs, it is because they lack sufficient merit to be discussed in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2268-23