**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3919-23

APACHE AUTO WRECKERS,
INC.,

     Plaintiff-Appellant,

v.

VILLAGE OF RIDGEFIELD
PARK ZONING BOARD,

     Defendant-Respondent.

_____

Argued January 26, 2026 – Decided March 12, 2026

Before Judges Natali and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6579-23.

Thomas T. Kim argued the cause for appellant (Law Offices of Thomas T. Kim, attorneys; Thomas T. Kim, on the briefs).

Jennifer Alampi argued the cause for respondent (Law Office of Carmine R. Alampi, LLC, attorneys; Jennifer Alampi and Carmine R. Alampi, on the brief).

PER CURIAM

Plaintiff Apache Auto Wrecker's Inc. appeals from a Law Division order remanding its application to defendant Village of Ridgefield Park Zoning Board ("Board"), after concluding the Board had wrongfully denied plaintiff cross-examination of the Village of Ridgefield Park's witnesses at the initial hearing. Despite the trial court's remand order, the Board declined to hold a hearing, determining plaintiff's application was moot, relying on the trial court's written opinion, finding use as a junkyard was not a pre-existing non-conforming use for the property. Based on our review of the record and application of the relevant legal principles, we affirm the trial court's order remanding the matter to the Board to re-open the hearing. We further remand to the trial court to enter an amended order consistent with our determinations herein.

I.

Plaintiff has operated a junkyard on the subject property in Ridgefield Park since at least 1978; first as a lessee and then as an owner. Prior to plaintiff's tenancy, the Village of Ridgefield Park enacted its zoning ordinance in 1968, while the property was being used as a junkyard by previous operators. In 1978, plaintiff obtained a certificate of occupancy to operate a junkyard at 2 Mt. Vernon Street, and in 1998 obtained another certificate for 14 Industrial Avenue in connection with acquisition and expansion into the larger site.

In January 1998, the Board granted plaintiff a use variance subject to several conditions. Those conditions included: storage and warehousing of only plaintiff's own vehicle parts in buildings; prohibiting sales from the buildings; limiting sales to the trailer located on-site; restricting the servicing of vehicles to only its own vehicles; and requiring plaintiff to obtain site plan approval before any further expansion. Site plan approval was granted by the Board in July 1998.

In 2021, plaintiff was issued two municipal summonses by the Village Construction Official: one was for stacking junk above the fence height and the other for storing junk outside required enclosures. At the municipal court hearing, plaintiff agreed to seek clarification from the Board concerning the nonconforming nature and extent of its use.

On August 2, 2022, plaintiff filed an application to the Board for a Certificate of Non-conformity under N.J.S.A. 40:55D-68 to formalize recognition of its operations, asserting that its junkyard use predated the zoning ordinance and should be protected as a lawful nonconforming use. Plaintiff specifically sought confirmation that its activities—including junk and scrap storage above fence height and throughout the expanded site—were lawful continuations of pre-1968 operations. Plaintiff did not claim that the 1998

3

variance had affirmatively granted it the right to operate as a junk yard; rather, it claimed that the approving resolution did not prohibit the activities for which it was cited.

Hearings before the Board occurred in September and October 2023, with the Village construction official objecting to the breadth of plaintiff's claimed rights and maintaining that the 1998 Resolution governed all uses for the property. Testimony was received from Board member Garofalow concerning his knowledge of the historic use of the site without being sworn or subject to cross-examination by plaintiff. Cross-examination of then-Construction Official Hansen was cut short by the Board before plaintiff completed its questioning. Plaintiff attempted to call its own witnesses, including the attorney who handled its 1998 application and the current owner, to demonstrate the continuity and scope of its use prior to 1998. However, the Board refused to hear these witnesses' testimony.

Thereafter, the Board voted to deny plaintiff's application for a certificate of nonconformity, relying solely on the terms of the 1998 Resolution and concluding that plaintiff's current operations—including broad outdoor junk and scrap storage—were not permitted.

A-3919-23

Plaintiff timely filed a complaint in lieu of prerogative writs, claiming the Board's denial was arbitrary, capricious, unreasonable and violative of due process; specifically asserting that it was denied a meaningful opportunity to present evidence and challenge the Board's interpretation of the 1998 Resolution. The trial court held a trial de novo in May 2024, where the court heard argument and reviewed the evidence presented at the Board hearing, including the transcript of the proceedings.

In a May 29, 2024 written decision, the trial court found plaintiff's due process rights had been violated because the Board failed to permit plaintiff to complete cross-examination of Hansen or Garofalow. The court ordered a limited remand requiring the Board to permit plaintiff cross-examination of the Board's witnesses and to issue supplemental findings. However, in its written decision, the trial court also found that the 1998 Resolution was clear on its face, controlled the property's use and did not authorize the full scope of plaintiff's claimed junkyard operations, including outdoor storage of scrap and junk for which it was cited. The court concluded its decision, finding: "by virtue of applying for and receiving a variance . . . it is clear that the junkyard use sought to be determined as pre-existing non-conforming, clearly was not, and the uses

to which plaintiff is entitled are detailed in the 1998 resolution and subject to the conditions therein."

The trial court's order addressed the remand but did not include any disposition surrounding its findings regarding the effect of the 1998 Resolution on plaintiff's application to the Board. Presumably, in light of the trial court's written decision surrounding its interpretation of the 1998 Resolution, the Board declined to re-open the hearing as directed by the trial court's remand order.

In the interim, plaintiff moved for reconsideration, urging the court to retract the substantive findings it made in its prior decision and permit it to complete its cross-examination of witnesses and present its own witnesses before the court enters findings regarding the prior uses of the property or interpreting the 1998 resolution. Plaintiff also requested the court to clarify its order as to the scope of plaintiff's presentation on remand.

The court denied the reconsideration motion, finding "the clarification issue is moot . . . [as] the Village has conceded plaintiff shall be permitted to cross-examine witnesses and present relevant witness testimony." The court also denied plaintiff's application to require completion of the remand hearing before the court enters substantive findings regarding the 1998 Resolution's effect on plaintiff's application. In denying this relief, the court found it did not

6

fail "to appreciate the significance of probative, competent evidence, and there is no allegation the court based its decision upon a palpably incorrect or irrational basis . . . [and] if further contrary evidence arises . . . the court will consider such applications as may be made." The court further found "[h]owever[,] currently [it is] clear from the testimony of Mr. Landolfi that the storage of scrap metal and junk commenced in or about 2016, contrary to the assertions of plaintiff's counsel, and contrary to the 1998 Resolution."

On appeal, plaintiff contends: (1) its due process rights were violated by the Board not permitting cross-examination of certain key witnesses or permitting it to present its own witnesses and evidence; and (2) the trial court's decision on the merits that the 1998 resolution precluded plaintiff's application for a certificate of non-conformity was erroneous because it was premature and entered prior to the remand hearing.

II.

A municipal agency decision "is subject to review in the Law Division in an action in lieu of prerogative writs[,] . . . and the Law Division's review of the . . . decision must be based solely on the agency record." Willoughby v. Planning Bd. of Twp. of Deptford, 306 N.J. Super. 266, 273 (App. Div. 1997) (internal citation omitted) (citing R. 4:69). "The Law Division reviews the

7

record to determine whether the . . . factual findings are based on 'substantial evidence' and whether its discretionary decisions are 'arbitrary, capricious and unreasonable.'" Id. at 273-74 (citation omitted).

Like the trial court, our review is limited. Smart SMR of N.Y., Inc. v. Borough of Fair Lawn Bd. of Adjustment, 152 N.J. 309, 327 (1998). "When we consider an appeal of a trial court's review of a municipal board's action, we are bound by the same standard as the trial court. We give deference to a municipal board's decision, and such decisions should be overturned only when proven arbitrary, capricious or unreasonable." Cohen v. Bd. of Adjustment of Borough of Rumson, 396 N.J. Super. 608, 614-15 (App. Div. 2007) (internal citation omitted). "[T]he law presumes that boards of adjustment and municipal governing bodies will act fairly and with proper motives and for valid reasons." Fallone Properties, L.L.C. v. Bethlehem Twp. Planning Bd., 369 N.J. Super. 552, 560-61 (App. Div. 2004) (quoting Kramer v. Bd. of Adjustment, Sea Girt, 45 N.J. 268, 296 (1965)). However, "[a] determination predicated on unsupported findings is the essence of arbitrary and capricious action." Bryant v. City of Atl. City, 309 N.J. Super. 596, 610 (App. Div. 1998). Additionally, "appellate review of a municipal appeal to the Law Division is limited to the 'action of the Law Division and not that of the municipal [board].'" State v.

Hannah, 448 N.J. Super. 78, 94 (App. Div. 2016) (quoting State v. Palma, 219 N.J. 584, 591-92 (2014)).

We first address the plaintiff's due process argument that center around the Board's failure to allow plaintiff to cross-examine the Village's witnesses and to present affirmative evidence and testimony. Plaintiff argues that because the Board refused to permit it to cross-examine and present witnesses, the Board and the trial court interpreted the 1998 Resolution without any additional important evidence that may be garnered at the remand hearing. These due process violations, according to plaintiff, warrant an unencumbered remand to allow for it to develop a full record.

Procedural due process requires agencies and municipalities to follow procedural requirements prior to making a binding legal determination, which directly affects the legal rights of a party. "Administrative hearings in contested cases must 'operate fairly and conform with due process principles.'" In re Kallen, 92 N.J. 14, 25 (1983) (quoting Laba v. Bd. of Educ. of Newark, 23 N.J. 364, 382 (1957)). However, such hearings "may conform to procedural due process standards that are less restrictive than those imposed in court proceedings." Id. at 26. "As long as principles of basic fairness are observed and adequate procedural protections afforded, the requirements of

administrative due process have been met." Kelly v. Sterr, 62 N.J. 105, 107 (1973); see also In re Freshwater Wetlands Statewide Gen. Permits, 185 N.J. 452, 466-67 (2006) (recognizing in State actions, "due process is a flexible and fact-sensitive concept," and "a function of what reason and justice require under the circumstances").

A planning board must "afford plaintiffs and all objectors a fair opportunity to address the full range of planning issues." Witt v. Borough of Maywood, 328 N.J. Super. 432, 454 (Law Div. 1998), aff'd, 328 N.J. Super. 343 (App. Div. 2000). For example, N.J.S.A. 40:55D-10(d) requires:

> The testimony of all witnesses relating to an application for development shall be taken under oath or affirmation by the presiding officer, and the right of cross-examination shall be permitted to all interested parties through their attorneys, if represented, or directly, if not represented, subject to the discretion of the presiding officer and to reasonable limitations as to time and number of witnesses.

"[T]he Board 'has the choice of accepting or rejecting the testimony of witnesses. Where reasonably made, such choice is conclusive on appeal.'" Kramer v. Bd. of Adjustment, 45 N.J. 268, 288 (1965) (quoting Reinauer Realty Corp. v. Nucera, 59 N.J. Super. 189, 201 (App. Div. 1960)).

We are unclear whether the due process claim raised in this appeal is now moot as stated in the trial court's July 29, 2024 written decision. Our lack of

10

clarity is based on the Board's assertion, on appeal, that the trial court correctly concluded the 1998 Resolution controls and remand is unnecessary.

Due to the lack of clarity in the record, we shall assume the remand issue is not moot. We are not persuaded by the Board's contentions and concur with the trial court's determination that the Board failed to provide plaintiff procedural due process at the initial Board hearing and a remand hearing is necessary to permit plaintiff to fully cross-examine the witnesses called by the municipality. We further conclude, to the extent the trial court's order did not specifically address such, that plaintiff shall also be permitted to present its own affirmative witnesses and other evidence in support of its application. Despite the Board's position that the wording of the 1998 Resolution is clear, and no further testimony is required, due process mandates that plaintiff be permitted to cross-examine and present witnesses that may present relevant evidence surrounding its application, notwithstanding the 1998 use variance. Even should the Board ultimately arrive at the same conclusion on remand, plaintiff's due process rights must remain intact.

We now turn to plaintiff's contention the trial court erred by interpreting the 1998 Resolution prior to the completion of the remand hearing. We note the court's order of May 29, 2024 does not include any provisions regarding its

11

interpretation of the 1998 Resolution and only required a remand to the "Board for the purposes of permitting plaintiff to complete its cross-examination of Mr. Hansen, and to allow its cross-examination of Mr. Garofalow for purposes of completion of the record." The order also stated "[f]ollowing the completion of the cross-examinations, the Board may pass such further resolution as it sees fit."

We note appeals are taken from orders and judgments, not a trial judge's statement of reasons or written decisions. T.B. v. Novia, 472 N.J. Super. 80, 93 (App. Div. 2022) citing Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001) ("[I]t is well-settled that appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion."); see also R. 2:2-3(a).

The court's order on appeal does not enter a final disposition on the merits of plaintiff's complaint, limiting its order that the Board shall hold a remand hearing. The record is unclear as to the reasons the court entered substantive findings in its written decision concerning the 1998 Resolution but did not include the disposition of these issues in the order. The record is also unclear concerning the court's basis to order a remand hearing because its written decision had essentially determined junkyard use was not a permitted use in the

12

1998 Resolution and did not constitute a prior non-conforming use, which effectively obviated the need for the remand hearing it previously determined was necessary. We surmise this may have been a reason the Board denied hearing plaintiff's application on remand as ordered.

The trial court order under appeal reflects the court's written decision concerning only plaintiff's due process claims, yet the court's decision also addressed the merits of plaintiff's application before the Board, which we conclude was confusing and inconsistent, requiring this matter be remanded to the trial court with directives. Therefore, we remand to the trial court to enter an order directing the Board to re-open the hearing to permit plaintiff to engage in full cross-examination of the Village's witnesses and to further permit plaintiff to present its own witnesses and evidence. In addition, for purposes of clarity, we vacate the court's substantive findings in its written decision of May 29, 2024 order determining the 1998 Resolution did not permit junk yard use, which prematurely served as a denial of plaintiff's application for a certificate of non-conformity. We conclude the court's substantive determinations in this regard were a misapplication of its discretion because a full record before the Board had not yet been developed on remand, including the complete testimony

13

of all witnesses and other affirmative evidence that may be offered by plaintiff in support of its application before the Board.

Affirmed and remanded as modified. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

A-3919-23